BURKE & a. *v.* CONCORD RAILROAD & a.

The rule that a necessary expense of the legal management of a trust fund, whether incurred by the trustee or the beneficiary, may be charged upon the fund by a decree in equity, is applicable to the property of a business corporation.

MOTION of the plaintiffs for a decree and execution for counsel fees in addition to other costs in the equity case reported in 61 N. H. 160.

*Bingham & Mitchell,* for the plaintiffs.

*W. L. Foster,* for the defendants.

DOE, C. J.   The act of June 29, 1819, entitled "An act to prevent vexatious lawsuits, and to limit bills of cost" (Laws, ed. 1830, *p.* 324), authorized this court " to limit and allow such bills of cost as law and justice shall require." Rev. St., *c.* 191, *s.* 7; Report of Revising Commissioners (1842), *c.* 194, *s.* 6; G. L., *c.* 233, *s.* 2.   Whether this provision does or does not authorize an allowance of counsel fees, it does not limit the equity jurisdiction, established by Gen. Laws, *c.* 209, *s.* 1, in cases of trust and partnership.

When a trustee necessarily obtains a judicial construction of a will or deed, or any other direction as to his official duty, his reasonable expenses, unavoidably incurred for the preservation or proper management of the trust estate (and not in the prosecution or defence of such claims to the legal or the equitable title as it is not his duty to maintain), are paid out of the fund, as a cost of fiduciary administration.   *Loring* v. *Thorndike,* 5 Allen 257, 270. And under some circumstances, when a beneficiary properly obtains such a direction for the guidance of the trustee, a necessary outlay, made by him in good faith for the safety or benefit of the fund, may be as equitable a cost of executing the trust as if made by the trustee.   The property might sometimes be unreasonably imperilled if it could be charged with no other expense of securing it against a breach of trust than that which the trustee chose to incur.   On the other hand, frivolous and vexatious applications for injunctions against technical and harmless errors of trustees might be unduly encouraged by giving complainants inequitable relief from the charges of litigation.   On the question of counsel fees claimed by a beneficiary, he might show a dangerous precedent in the trustee's illegal course (Von Ihr. Str. for L., *passim*) :

the trustee might show that the suit was brought to gratify the beneficiary's excessive sense of legal right, or for some other inequitable purpose.

This suit has not been a controversy concerning the plaintiffs' title or the amount of their interests. *The Dublin Case*, 41 N. H. 91, 94. The question was, whether the property of the Concord Railroad Corporation, held in trust by that company for the stockholders, was legally managed by the trustee,—whether the company had exceeded their powers, formed a partnership with the Lowell, made the plaintiffs joint principals in a business in which they had not consented to invest their money, and exposed them to risks which they could not be compelled to bear. It was held that there was a breach of trust, and the property was protected by an injunction against the risks of an unauthorized partnership. It is not a matter of law that the injunction was sought injudiciously, or for any other purpose than the benefit of the fund and the prevention of a breach of trust. If anything more than ordinary costs is allowed, it will not necessarily be the amount paid by the plaintiffs. *Frost* v. *Belmont*, 6 Allen 152, 165. Whether the case is one in which anything should be allowed for counsel fees is a question of fact to be determined upon a just view of all the circumstances.

All concurred.