Rockingham,
May 3, 1904.

## SHERBURNE & a. v. PORTSMOUTH.

City councils may be restrained from the commission of an illegal act in their administrative capacity, at the suit of a taxpayer whose rights are threatened thereby.

In such proceeding it is incumbent upon the plaintiff to show that the proposed action is illegal and will be injurious to him, and that he has some recognized ground of equitable relief; but it is not essential that his threatened injury should be one not suffered by the public generally.

City councils may authorize a private individual to occupy a public common for exhibition purposes, and permit him to erect structures necessary to carry on the business, if such use is limited to a reasonable time and would not constitute an unreasonable interference with adjoining proprietors or with the right of the public to enjoy the premises; and whether the proposed use is in all respects reasonable is a question of fact, to be determined in view of the circumstances of the particular case.

Under a resolution authorizing the fencing of a public common "for the purpose of amusement and the better protection of city property," the city councils are not empowered to erect such structures as would be necessary to render the premises available for exhibition purposes.

BILL IN EQUITY, to restrain the defendant city from building a baseball park at the Plains, a public common containing about eleven acres, which was given to the city in 1716 for the drawing of a militia for the town and province and has been used since for that purpose and by the public generally for a playground; also to restrain the city councils from voting to fence the Plains "for the purpose of amusement and the better protection of city property." The bill alleges that the city councils intend, under this vote, to enclose the greater part of the Plains with a high board fence and give the control of the premises to certain individuals who will use them for a baseball park and athletic field, and will exclude all who do not pay an admission fee. The plaintiffs are taxpayers in Portsmouth and own property adjoining the Plains. The questions of law arising upon the defendants' demurrer were transferred from the October term, 1903, of the superior court, by *Pike*, J.

*John W. Kelley*, for the plaintiffs.

*Ernest L. Guptill* and *Samuel W. Emery*, for the defendants.

YOUNG, J. The question of law raised by the demurrer is the power of the court to restrain city councils at the suit of a tax-

payer from acting illegally. There is no uniform rule on the subject. In some jurisdictions the court has power to restrain city councils from committing an illegal act whenever it appears that the act will cause the plaintiff to suffer damages not common to the public and that he is entitled to equitable relief. *People* v. *Sturtevant*, 9 N. Y. 263. In other jurisdictions the court has no power to restrain city councils when they are acting in good faith. In these jurisdictions the remedy of a citizen to protect himself from their wrongful acts is a suit to restrain the officers of the city when they undertake to enforce them. *Stevens* v. *Training School*, 144 Ill. 336,—36 Am. St. Rep. 438; *Des Moines Gas Co.* v. *Des Moines*, 44 Ia. 505,—24 Am. Rep. 136. In most jurisdictions, however, the power of the court to restrain city councils depends on the character of the business they are transacting. When the city councils are considering matters of a purely legislative character, the court has no power to restrain them. When their proposed action relates to the ordinary business affairs of the city, the court may restrain them, provided the proposed action is illegal and the person whose rights are threatened is entitled to equitable relief. In this state it will not be enough to entitle a person to this relief to show that the proposed action is illegal and that he will be injured; he must also show that his injuries will be such as would entitle him to equitable relief in an action against an individual,—that is, that his injuries will be irreparable, or that he has no adequate legal remedy, or has some other recognized ground for equitable relief. *Brown* v. *Concord*, 56 N. H. 375, 383. But it is not necessary, to entitle him to this relief, that he should suffer a loss not common to the public. Dill. Mun. Corp., ss. 916, 917. He is entitled to it when the city councils are acting in an administrative capacity, in all cases in which he could invoke it against an individual. *People* v. *Dwyer*, 90 N. Y. 402; *State* v. *Commissioners*, 39 Ohio St. 58; *Valparaiso* v. *Gardner*, 97 Ind. 1,—49 Am. Rep. 416; *Springfield* v. *Edwards*, 84 Ill. 626; *Roberts* v. *Louisville*, 92 Ky. 95; *Spilman* v. *Parkersburg*, 35 W. Va. 605; *Jordan* v. *Deaton*, 23 Ark. 704; *Crompton* v. *Zabriskie*, 101 U. S. 601.

The duties of city councils are both legislative and administrative; for in addition to their legislative duties they are charged with the care of the money and other property of the city. P. S., c. 50, ss. 5, 6. When they are managing the property of the city they are not making ordinances for its government, but are administering its affairs. *Blood* v. *Electric Co.*, 68 N. H. 340, 342. Since the duties of city councils are in part legislative and in part administrative, if the court cannot restrain legislative but may restrain administrative officers, a holding that the court has no power

to restrain city councils when they are acting in their legislative capacity, but may when they are acting in their administrative capacity, is but applying the ordinary rule used to establish the rights and liabilities of public officers who are authorized to exercise the functions of different departments of the state government; for the conduct of such officers while performing the duties of either department is governed by the rules of law applicable to officers of that department. *Edes* v. *Boardman*, 58 N. H. 580, 594–596; *Boody* v. *Watson*, 64 N. H. 162. The reason for this rule is obvious. The rules of law which govern both the business and the officers of the different departments of the state government were framed with reference to conducting the business of each department in the way to best promote the public welfare, but without special reference to the body of men who should perform the duties and exercise the functions of that department. So, any officers exercising functions or performing duties peculiar to any department of the government are controlled by the rules of law that govern the business of that department, while they are exercising its functions. To illustrate: The duties of selectmen are both administrative and judicial. P. S., *c.* 43, *ss.* 5–16. When they are administering the affairs of the town they are subject to the control of the court in the same way and to the same extent as other administrative officers, or the directors of a private corporation. Dill. Mun. Corp., *ss.* 908, 909, 915; *School District* v. *Greenfield*, 64 N. H. 84, 86; *School District* v. *Carr*, 63 N. H. 201; *Gates* v. *Hancock*, 45 N. H. 528; *Merrill* v. *Plainfield*, 45 N. H. 126; *Hall* v. *Somersworth*, 39 N. H. 511; *Butler* v. *Pelham*, 19 N. H. 553; *Barr* v. *Deniston*, 19 N. H. 170. When they are exercising their judicial functions they are exempt from the control of the court to the same extent as other judicial officers. *Manchester* v. *Furnald*, 71 N. H. 153; *Boody* v. *Watson*, 64 N. H. 162; *Salisbury* v. *County*, 59 N. H. 359; *Edes* v. *Boardman*, 58 N. H. 580; *State* v. *Smith*, 18 N. H. 91.

The legislative and the judiciary are coördinate departments of the state government; and it is the policy of the law that each, when acting within the scope of its authority, shall be supreme in the exercise of the powers committed to it, and that neither shall be subject to the control or supervision of the other. *Opinion of the Justices*, 56 N. H. 570, 574. It is the legislative department, or the power to make laws, which the policy of the law exempts from the supervision and control of the court,—not the body of men who have the supreme power to exercise this function. Bill of Rights, *art.* 37. The acts of any body of men who may constitutionally legislate in relation to any matter are a part of the laws of the state, and have the same force and effect as though they

had been enacted by the legislature itself. The legislature may constitutionally authorize city councils to legislate in respect to local matters. *State* v. *Noyes*, 30 N. H. 279, 293. When they are exercising this function they are the legislative department of the state, so far as the matters in regard to which they may legislate are concerned; and the fact that their acts in regard to such matters as come within the scope of their authority are the laws of the state brings them within the rule which exempts the legislature from the control of the court.

It is the policy of the law to subject all persons acting in a trust capacity to the control of the court (P. S., *c.* 205, *s.* 1); and the law makes no distinction in this respect between public and private trustees. Dill. Mun. Corp., *s.* 909. The duty of city councils in administering the ordinary business affairs of the city does not differ from that of the directors of a private corporation in respect to its business. Such directors act as trustees for their stockholders when they are administering the affairs of the corporation. So city councils act in a trust capacity in administering the ordinary business affairs of the city. *State* v. *Wimpfheimer*, 69 N. H. 166, 169. Since they act in that capacity, they are subject to the control of the court, for in all cases of trust the law gives the court jurisdiction of the subject-matter (P. S., *c.* 205, *s.* 1) as well as of the parties; but when they are acting in their legislative capacity, although the court has jurisdiction of the parties it has no jurisdiction of the subject-matter. There is no reason why city councils should be exempt from the rules that govern the conduct of other boards of public officers, or why a person who is threatened with injury on account of their wrongful acts should not have the same remedy to protect him from such injury that he has to protect him from other threatened wrongs; and there is the same need of a remedy to prevent city councils from abusing their trust that there is to prevent other trustees from abusing theirs.

The Plains being a public common, the city councils have power to regulate its use. P. S., *c.* 50, *s.* 10, *cl.* XIV. The only limitations upon their right to determine the uses to which it may be devoted are that they must be public, intended to promote the object for which it was given, and that they do not constitute an unreasonable use of the land. They may devote the Plains to any uses within these limits that seem to them to be wise and intended to promote the best interests of the public. They may permit an individual or an association to occupy the whole or a part of the Plains for the purpose of furnishing the public with recreation. As an incident of their right to permit an individual to give exhibitions at the Plains, they may permit him to erect the structures necessary to carry on the business, if that would be a

reasonable use of the premises. But if, considering its situation and surroundings, using the Plains for a baseball ground would constitute an unreasonable interference with the rights of the adjoining proprietors, or if the erection of structures incident to such use would constitute an unreasonable interference with the right of the public to use the premises, the city councils cannot permit any one to use the Plains for that purpose; for it would be permitting him to maintain a nuisance, and the city no more than an individual can authorize the maintenance of a nuisance. If the city councils may permit an individual to use the Plains for a baseball park, they can only give him the exclusive control of the premises for a reasonable time; for the public cannot be excluded from the premises for an unreasonable time. What would be a reasonable time, whether maintaining a baseball park at the Plains would be a reasonable use of the premises, and whether the erection of the structures incident to such use would be an unreasonable interference with the right of the public to use the premises, are all questions of fact. *Ladd* v. *Brick Co.*, 68 N. H. 185.

Even if the city councils may permit an individual to build a baseball park at the Plains, they cannot build one with the city's money; for they can use that only for the purposes named in section 4, chapter 40, Public Statutes, or for the purposes for which money may be raised by taxation. *Gove* v. *Epping*, 41 N. H. 539; *Merrill* v. *Plainfield*, 45 N. H. 126. This does not authorize cities to build baseball parks. Neither can they build one under the name of fencing the Plains; for it is axiomatic that they may not do by indirection that which they could not do in a direct proceeding. Although they may use public funds to build such a fence as they consider necessary to protect the property or to make it more attractive, they cannot use the money of the city to build such a fence as would be necessary to make the Plains available for exhibition purposes, any more than they could use it to build a grand-stand or any other structures which constitute the equipment of a baseball park; for such a fence would neither increase the attractiveness of the property nor be necessary for its protection.

The fact that the plaintiffs' property adjoins the Plains will not prevent the city councils from making any reasonable use of the premises which they think will be for the public good. The plaintiffs have no right in the Plains not common to every taxpayer in Portsmouth, except that of preventing the city from making an unreasonable use of the premises; for it does not appear that they derived their title from the city after the Plains had been dedicated to public uses, nor that its dedication and the sale of the lots that adjoin it were parts of the same transaction.

Notwithstanding the court has jurisdiction to enjoin the city councils when they are acting in their administrative capacity if the proposed action is illegal, they cannot be enjoined from passing the resolution to fence the Plains; for the resolution itself is legal; it only authorizes the building of such a fence as is necessary to protect the property and to make it more attractive. But the city councils may be enjoined from taking any action under this resolution toward building a baseball park and from permitting any person to build one at the Plains, if that would be an unreasonable use of the premises.

*Demurrer overruled.*

PARSONS, C. J., and WALKER and BINGHAM, JJ., concurred: CHASE, J., concurred in the result solely on the ground that the proposed action of the city councils will convert a public common or square into a private park,—a change that they have not power to make,—and that an appropriation of the city's money for such purpose would be unauthorized and illegal, and may be enjoined at the suit of taxpayers.