Strafford
No. 6551

RICHARD TAPPAN

v.

JOHN SHAW AND CITY OF ROCHESTER

June 29, 1973

*McLane, Carleton, Graf, Green & Brown* and *Jack B. Middleton* and *Michael P. Hall (Mr. Hall* orally) for the plaintiff.

*Paul B. Urion* and *Fisher, Parsons, Moran & Temple (Mr. Harold D. Moran* orally) for the defendants.

Per curiam. The issue in this case is whether a school teacher employed by the School District of Rochester is disqualified by RSA 48:1 to hold office as a city councilman.

In their answer to plaintiff's petition for declaratory judgment the defendants sought a temporary restraining order to prevent plaintiff from acting in council matters. After hearing, the request for injunction was denied on the ground that since RSA 46:3 makes the council the final judge of the election and qualifications of its own members the court was without jurisdiction. Defendant excepted and the questions of law raised by this exception were reserved and transferred by *Mullavey,* J. Following the ruling of the court, the plaintiff filed a request for a docket marking that his petition be dismissed. There appears to have been no action by the court on this request. In any event the dismissal of the petition would not prevent the defendants from obtaining the affirmative relief sought in their answer.

Although RSA 46:3 makes the city council the final judge of the election and qualification of its members, the question presented by this case involves the interpretation of a statute. This is a judicial function and the superior court had jurisdiction. The plaintiff now does not dispute the court's jurisdiction, but rather contends that RSA 48:1 does not prohibit plaintiff from exercising the authority of the office of councilman to which he was elected. We agree.

RSA 48:1 in part reads as follows: "No publicly elected official of a city, except school district officers, who as such official is authorized to appropriate or expend public funds shall be employed during the term for which he is elected by any department, board or commission of the city in any other capacity or in any other position of employment by the city where compensation is allowed, except...." There follow some exceptions not applicable here and it is provided that acceptance of prohibited employment will result in the elective office being vacant.

School teachers are hired by the school district which also determines their salaries. The city of Rochester constitutes a single school district both under RSA 194:1 and the city charter which vest the general management and control of the public schools in the school board. School teachers are not employees of the city but of the district and therefore

do not come within the prohibition of RSA 48:1. *Cf.* RSA 197:16.

*Remanded.*

All concurred.