Hillsborough
No. 81-100

## Edward J. Silva

v.

## Donald H. Botsch & *a.*

November 20, 1981

*Hanrahan & Michael P.A.*, of Merrimack (*Gregory E. Michael* on the brief and orally), for the plaintiff.

*Bossie, Kelley & Hodes*, of Manchester (*Robert F. Bossie* on the brief and orally), for the defendants.

BATCHELDER, J.   This appeal involves a question of first impression: May a public official, who prevails in an action to retain his official position, recover attorney's fees for that action? We hold that he may.

The plaintiff, Edward Silva, then a selectman for the Town of Merrimack, brought an action against the other selectmen on April 11, 1980, contending that he had been wrongfully removed from the position of ex-officio representative on the town planning board before the expiration of his term, in violation of RSA 36:5 II (Supp. 1979). Both parties have stipulated that each has acted in good faith. On September 10, 1980, this court held that he had been removed illegally. *Silva v. Botsch,* 120 N.H. 600, 420 A.2d 301 (1980).

On October 2, 1980, the selectmen refused the plaintiff's request

for attorney's fees and, on November 6, 1980, they denied a request to reconsider their decision. The plaintiff, on November 26, 1980, filed a motion for costs and payment of attorney's fees in the superior court. The Trial Court (*Bean*, J.) denied the motion, and the plaintiff appealed.

■ The general American rule is that each party must bear his own attorney's fees. *Pugliese v. Town of Northwood*, 119 N.H. 743, 752, 408 A.2d 113, 118 (1979); *Morse v. Ford*, 118 N.H. 280, 281, 385 A.2d 229, 230 (1978). In many instances, however, the legislature has authorized an award of attorney's fees. *See, e.g.*, Douglas, *Statutory Authorization for Attorney's Fees in New Hampshire*, 17 N.H.B.J. 205 (1976). Other exceptions to the general rule have been judicially created. *See Harkeem v. Adams*, 117 N.H. 687, 690, 377 A.2d 617, 619 (1977) and citations therein. "These exceptions are flexible, not absolute, and have been extended on occasion." *Id.* at 690, 377 A.2d at 619 (citations omitted).

In this case, we find it appropriate to award attorney's fees to the prevailing party. The plaintiff, a selectman, expended his own funds to retain his position on the planning board, to which he was statutorily entitled. *Silva v. Botsch*, 120 N.H. 600, 420 A.2d 301 (1980); *see* RSA 36:5 II (Supp. 1979). In so doing, the plaintiff vindicated the legislature's express command. RSA 36:5 II (Supp. 1979).

As an elected town official, the plaintiff has assumed a special position as a public trustee. *See Sherburne v. Portsmouth*, 72 N.H. 539, 542, 58 A. 38, 40 (1904). A town official is elected by his fellow citizens to administer the affairs of the municipality. *Id.; State v. Wimpfheimer*, 69 N.H. 166, 169 (1897). He is also required to take the oath to faithfully and impartially uphold the constitution and laws of New Hampshire. RSA 669:9 (Supp. 1979); *see* N.H. CONST. pt. II, art. 84, and thus assumes a special duty.

■ It is well settled in New Hampshire that when a trustee successfully litigates in good faith for the primary benefit of the trust as a whole, the court may award him attorney's fees. *Concord Nat. Bank v. Haverhill*, 101 N.H. 416, 418–19, 145 A.2d 61, 63 (1958); *Burke v. Railroad*, 62 N.H. 531, 532 (1883). This exception to the general rule precluding the award of attorney's fees may be expanded to include this case, since the plaintiff's action conferred a "substantial benefit" on the town of Merrimack and the State of New Hampshire. *See Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 393–94 (1970). In these circumstances, he should be able to recover his attorney's fees. "[W]hen overriding considerations so indicate, the award of fees lies within the power of the court, and is an

appropriate tool in the court's arsenal to do justice and vindicate rights." *Harkeem v. Adams*, 117 N.H. at 690, 377 A.2d at 619.

The New Hampshire Legislature has shown its concern in this area. RSA 4:1 (Supp. 1979), amended by Laws 1981, ch. 179, provides for the payment of legal fees to a State official if the governor and council determine he is the prevailing party. Laws 1981, 179:1 (to be codified at RSA 4:1 IV). A county official who successfully defends himself in a removal proceeding is also entitled to attorney's fees. RSA 28:10-a (Supp. 1979). Local officials should have the same privilege."

■ The defendants argue that the plaintiff cannot recover his attorney's fees because he has stipulated to the defendants' good faith. This argument fails, however, because the good or bad faith of the defendants is not a consideration in the award of attorney's fees under this exception, applicable to public officials. The bad faith conduct of the defendant is relevant only to the award of attorney's fees under the *Harkeem* exception, applicable to vexatious litigation. *Pugliese v. Town of Northwood*, 119 N.H. 743, 752, 408 A.2d 113, 119 (1979); *see Harkeem v. Adams*, 117 N.H. at 690–91, 377 A.2d at 619. Rather, the good faith of the party requesting attorney's fees is important, just as it is when attorney's fees are requested by a trustee litigating for the benefit of a trust. *See Concord Nat. Bank v. Haverhill*, 101 N.H. at 419, 145 A.2d at 63. Here, the defendants have stipulated to the plaintiff's good faith.

■ The defendants next contend that the plaintiff's motion for attorney's fees was untimely because it was not made within fifteen days after the date on the certificate of the order. Supreme Court Rule 23. We disagree. The fifteen-day limit in Rule 23 governs only the taxation of *costs*. RSA chs. 525 and 490 govern the payment of costs to the prevailing party. Allowable costs, defined in RSA 525:13–19 and 490:21–23, do not include attorney's fees. Furthermore, unlike costs, which are either fixed by statute or easily ascertainable, attorney's fees may be subject to dispute or negotiation. Absent a statute or court rule governing the time in which attorney's fees must be requested, the request is proper if made within a reasonable time.

■ The plaintiff had asked for attorney's fees in his original writ of mandamus. The order of certification in *Silva v. Botsch*, 120 N.H. 600, 420 A.2d 301 (1980) was dated September 17, 1980. The plaintiff made two unsuccessful requests to the selectmen before he finally made a motion before the trial court for attorney's fees. We cannot say that the plaintiff waited an unreasonable

amount of time before filing his motion, especially when any delay was due to his attempts to have the defendants voluntarily pay the fees. *See Royer v. Adams*, 121 N.H. 1024, 1028, 437 A.2d 316, 319 (1981) and cases cited therein. *White v. N.H. Dept. of Employment Sec.*, 629 F.2d 697 (1st Cir. 1980), *cert. granted*, 101 S. Ct. 1692 (1981), can also be distinguished because attorney's fees were first requested nearly six months after a *consent decree* was entered. *Id.* at 699.

We therefore hold that the plaintiff, Edward Silva, is entitled to an award of attorney's fees. He was a local official who was successful in litigation to retain his official position. We remand to the trial court for a determination of the reasonable amount of attorney's fees that he should receive.

*Reversed and remanded.*

BOIS, J., did not sit; the others concurred.