Hillsborough
No. 81-315

CHARLES E. FOSTER

v.

TOWN OF HUDSON & a.

February 19, 1982

*Malloy & Sullivan P.A.*, of Manchester (*David L. Broderick* and *Paul M. Gagnon* on the brief, and *Mr. Broderick* orally), for the plaintiff.

*Gottesman and Hollis*, of Nashua (*Morgan A. Hollis* on the brief and orally), for the Town of Hudson.

DOUGLAS, J. This appeal raises the question of whether a police chief is a public official holding a position of sufficient trust so as to come within the ambit of *Silva v. Botsch*, 121 N.H. 1041, 437 A.2d 313 (1981), in which we held that certain elected public officials are entitled to reimbursement for attorney's fees under a "public trust" theory.

In May 1981, the plaintiff was fired from his position as appointed police chief for the Town of Hudson. Pursuant to RSA 105:2-a, *see Ingersoll v. Williams*, 118 N.H. 135, 136–40, 383 A.2d 1119, 1120–22 (1978), a hearing before the superior court was requested. The Master (*Roger G. Burlingame*, Esq.) found that the plaintiff had been removed without just cause, overturned his dismissal and ordered him reinstated with back pay and benefits. The master also awarded the plaintiff his costs and reasonable attorney's fees. The recommendation was approved by *DiClerico*, J., and the town appealed only the award of costs and fees.

In *Silva v. Botsch*, 121 N.H. at 1045, 437 A.2d at 315, this court recently permitted costs and attorney's fees to be awarded to an elected local official, in that case a selectman, who had challenged his removal from a town planning board:

> "As an elected town official, the plaintiff has assumed a special position as a public trustee. *See Sherburne v. Portsmouth*, 72 N.H. 539, 542, 58 A. 38, 40 (1904). A town official is elected by his fellow citizens to administer the affairs of the municipality. *Id.; State v. Wimpfheimer*, 69 N.H. 166, 169 (1897). He is also required to take the oath to faithfully and impartially uphold the constitution and laws of New Hampshire. RSA 669:9 (Supp. 1979); *see* N.H. CONST. pt. II, art. 84, and thus assumes a special duty."

*Silva v. Botsch*, 121 N.H. at 1043, 437 A.2d at 314.

██ State officials, under RSA 4:1 (Supp. 1979) (*amended by* Laws 1981, ch. 179), and county officials, under RSA 28:10-a (Supp. 1979), are able to obtain costs and fees when they successfully resist removal. In *Silva*, we concluded that "local officials should have the same privilege." *Silva v. Botsch*, 121 N.H. at 1044,

437 A.2d at 315. The multiplicity of officials at the local level prevents us from allowing every elected local official to recover costs and fees, but certainly an individual in a position of special trust and responsibility, such as a selectman or a police chief, comes within the ambit of *Silva v. Botsch*. A chief of police has the responsibility to assure that his entire department enforces the laws firmly but fairly in the community so as to conserve the peace, yet ensure that the constitutional rights of the citizenry are protected. *See generally State v. Nickerson*, 120 N.H. 821, 824–25, 424 A.2d 190, 192–93 (1980); RSA ch. 105.

■ Police chiefs may be either elected or appointed, *see* RSA 41:47–:48; RSA 105:1; *Ingersoll v. Williams*, 118 N.H. 135, 136, 383 A.2d 1119, 1119 (1978), and we see no reason to deny reasonable costs or fees to the prevailing plaintiff merely because his community chooses to appoint rather than elect when, in either case, a chief may be removed only "for cause." *See* RSA 105:2-a; RSA 41:48.

*Affirmed.*

BOIS, J., dissented; the others concurred.

BOIS, J., dissenting: I respectfully disagree with the majority in this case and with the public trust theory expounded in *Silva v. Botsch*, 121 N.H. 1041, 1043–44, 437 A.2d 313, 315–15 (1981).

In conformity with the general rule that each party to litigation must bear his own attorney's fees, I would limit recovery of attorney's fees to instances authorized by the legislature and to other judicially created exceptions. *See, e.g., Harkeem v. Adams*, 117 N.H. 687, 377 A.2d 617 (1977).