Grafton
No. 84-121

## UNWAR J. SAMAHA

v.

## GRAFTON COUNTY & a.

May 28, 1985

*Unwar J. Samaha*, of Exeter, by brief and orally, pro se.

*Stebbins, Bradley, Wood & Harvey P.A.*, of Hanover (*David H. Bradley* on the brief and orally), for the defendants, Grafton County and A. Frank Stiegler, III, County Treasurer.

PER CURIAM. The plaintiff, a retired clerk of the superior court, brings this action to require Grafton County to pay into the New Hampshire Retirement System (NHRS) the funds necessary to allow the plaintiff to be reinstated in the retirement system by "buying back" prior service credit for the period from July 1, 1947, to March 1, 1965. The Superior Court (*Dickson*, J.) entered judgment for the plaintiff pursuant to the recommendation of a Master (*R. Peter Shapiro*, Esq.) and ordered the defendants to pay into the NHRS all funds necessary to effect the "buy back," except the actual contribution the plaintiff would have made had he been enrolled for that period.

Under the trial court's order the county's share of the "buy back" will be $79,988.11; the plaintiff's share will be $5,177.01. The defendants appealed the superior court order, and we reverse.

The plaintiff served as the Clerk of the Grafton County Superior Court from July 1, 1947, until March 1, 1965. On January 29, 1947, Grafton County elected to participate in the NHRS. The plaintiff, however, was not enrolled in the NHRS. In 1965 the plaintiff became the Clerk of the Rockingham County Superior Court, where he remained until his retirement in 1983.

As of January 1, 1974, the New Hampshire Superior Court created a retirement system designed specifically for its clerks of court and associate clerks of court. The plaintiff became a member of this special clerks' retirement system and was given prior service credit back to 1947, the time when he began his employment as the clerk of the superior court in Grafton County.

In 1974, Rockingham County elected to participate in the NHRS, and the plaintiff was also enrolled in that system. At that time, Rockingham County allowed the plaintiff to obtain prior service credit back to 1965. The plaintiff continued to participate in the NHRS until his retirement in 1983.

The plaintiff is presently receiving his vested benefits under the NHRS for his years of service as clerk of the superior court in Rockingham County from 1965 until 1983, and his vested retirement benefits under the special clerks of court retirement system for his years of service as a clerk of the superior court in both Grafton and Rockingham Counties from 1947 until 1983.

At issue in this appeal is the propriety of the superior court's order requiring Grafton County to fund plaintiff's "buy back" of prior service credit from July 1, 1947, until March 1, 1965. The plaintiff claims that his right to the "buy back" is provided by RSA chapter 100-A and this court's decision in *State Employees' Association of N.H. v. Belknap County & a.*, 122 N.H. 614, 448 A.2d 969 (1982).

In order to determine whether the plaintiff is entitled to a "buy back" under RSA chapter 100-A, we must consider the meaning and applicability of that statute, as well as the effect of the plaintiff's enrollment in the separate publicly funded retirement system established by the judiciary for the clerks of court.

■ In our interpretation of a statute, we first review the plain meaning of its language. *In re Robyn W.*, 124 N.H. 377, 379, 469 A.2d 1351, 1352 (1983). The plaintiff's request for a "buy back" is precluded by the plain language of RSA chapter 100-A. RSA 100-A: 28 provides in pertinent part that:

> "This retirement system and the provisions hereof shall not apply to any person benefited by or entitled to participate under any other provisions of law which provides wholly or in part at the expense of the state or any other employer, for retirement benefits for employees . . . with respect to the same period of service for which they are eligible for benefits under the terms of this chapter."

RSA chapter 100 created the Employees' Retirement System of the State of New Hampshire (ERSNH) and contained a similar section, effective in 1945. Laws 1945, 183:17 ("The retirement system . . . shall not apply to any person benefited by or entitled to participate under any other provision of law . . . which provides . . . at the expense of the . . . state or of any subdivisions thereof, for retirement benefits for employees by the state. . . .") RSA 100:18, titled "Limitation on Membership," limited membership in the NHRS to employees not enrolled in other publicly funded retirement systems. Subsequent amendments to the original act have merely clarified the original legislative intent. *See Blue Mountain Forest Ass'n v. Town of Croydon*, 119 N.H. 202, 205, 400 A.2d 55, 57 (1979).

Under RSA 100-A:20, I (formerly RSA 100:29 for the predecessor system ERSNH), a "local retirement system" is defined as "any retirement system . . . which is supported wholly or in part by public funds . . . [and] employees who are members of any local retirement system . . . shall be entitled to become members [of NHRS] only as provided in RSA 100-A:21." Section 21 provides in pertinent part that:

"[S]uch employees shall participate in [NHRS] as though such local retirement system were not in operation. The retirement allowances being paid by the local retirement system on the date such participation in [NHRS] becomes effective shall be continued and paid at their existing rates by [NHRS] . . . ."

RSA 100-A:21 (formerly RSA 100:23 for the predecessor system ERSNH).

In *State Employees' Association of N.H. v. Belknap County & a.*, 122 N.H. 614, 622, 448 A.2d 969, 973 (1982), we held that the county had "an absolute and unambiguous obligation" to enroll all employees hired after the adoption of NHRS by the county. That case, however, does not mandate a "buy back" on behalf of the plaintiff in this case for a number of reasons.

■■ First, the plaintiff was not an employee of Grafton County. In determining whether an employer-employee relationship exists, courts generally consider factors such as managerial and fiscal control. *Reconstruction Finance Corp. v. Merryfield*, 134 F.2d 988, 991–92 (1st Cir. 1943); *see also* RESTATEMENT (SECOND) OF AGENCY § 2(1) and § 220 (1958). During his service there, the county did not have the right to exercise fiscal or managerial control over the plaintiff, nor the power to set his salary, hire or fire him. These functions were performed by the superior court, acting as a body. RSA 499:1, :12. N.H. CONST. pt. II, art. 82. It is thus at this point that we part company with the dissent.

■■ Contrary to the plaintiff's argument, RSA 30:1 (Supp. 1983) merely provides for an annual accounting of transactions by the clerk of court to the county and does not determine the clerk's status as an employee of the county. Nor does the title of this statute, "Annual Reports of County Officers," mean that the clerks of court are county employees. We have held that the title of a statute is not conclusive of its interpretation provided that the statute's language is clear and unambiguous. *State v. Kilgus*, 125 N.H. 739, 742, 484 A.2d 1208, 1212 (1984) (citing *In re Vernon E.*, 121 N.H. 836, 841, 435 A.2d 833, 836 (1981)). The purpose of this statute is to provide

county and town officials with financial information. Since the expenditures reported are made out of county funds, the county is entitled to such information. The reporting requirement found in RSA 30:1, however, does not indicate that the county exercises managerial control over the plaintiff, so as to create an employer-employee relationship. *See Reconstruction Finance Corp. v. Merryfield supra.*

Second, unlike the *Belknap County* case, the superior court in this case has specifically found that: (1) no official of NHRS has ever objected to the exclusion of the clerk of court from the retirement system, (2) Grafton County has never refused to enroll any employee, and (3) Grafton County has not practiced discrimination among its employees with respect to participation in NHRS. Thus, Grafton County has committed no wrong for which it should be subjected to the type of remedy provided in the *Belknap County* case.

Finally, the judicial branch has recognized that enrollment of the clerks of court in NHRS is not mandatory, by authorizing the establishment of a separate retirement system for the clerks of court. *See also* RSA 490:29 (Supp. 1983) (the legislature has concurred by allowing non-judicial employees to elect membership in either a local retirement system or NHRS). The superior court has, thus, established a policy making participation in NHRS optional for the clerks of court. This is a policy which the counties, and Grafton County in particular, have had no ability to challenge or reverse.

■■ Since the clerks of superior courts were not and are not county employees, and their enrollment in the NHRS is optional, the reasoning of the *Belknap County* case does not govern them. Additionally, the plaintiff's enrollment in the publicly funded clerks' retirement system precluded his participation in NHRS. *See* RSA 100-A:20, :21 and :28.

Having reached our decision based upon a statutory analysis of RSA chapter 100-A, we need not reach the additional issues raised on appeal. Accordingly, we reverse the superior court order.

*Reversed.*

BATCHELDER, J., dissented.

BATCHELDER, J., dissenting: I respectfully dissent from the majority opinion because the plaintiff in my view was legally an employee of Grafton County and was entitled to the benefits of the county's participation in the New Hampshire Retirement System (NHRS).

An "employee" under NHRS is "any regular classified or unclassified *officer or employee* of an employer . . . ." RSA 100:1, IV (1964)

(emphasis added). It is undisputed that Grafton County was an employer under the statute. *See* RSA 100:1, III, :29 (1964). To qualify as an employee of the county under the act, the plaintiff thus need establish only that he was either an officer of the county or was in an employment relationship with the county. The facts of this case satisfy the former requirement.

RSA chapter 30, which is entitled "Annual Reports of County Officers," clearly intends that clerks of court be regarded as county officers. Provisions of the chapter refer to clerks of court as county officers and impose upon them duties which plainly are intended to be performed only by such officers. *See* RSA 30:1, :3, :4 and :5. The law in this respect has remained virtually unchanged since the plaintiff began his tenure as Grafton County clerk of court. *See* R.L. ch. 50 (1942). Since the law, throughout the plaintiff's tenure as Grafton County clerk of court, classified him as a county officer for the purpose of assigning him obligations, consistency and fairness require that he be similarly treated for the purpose of allocating him compensation.

"Membership [in NHRS] shall be compulsory for all employees entering the service of [an] employer after the date participation [in NHRS by the employer] becomes effective," RSA 100:34, II (1964), "except that membership shall be optional in the case of elected officials or officials appointed for fixed terms," RSA 100:3, I (1964). On July 1, 1947, approximately five months after Grafton County elected to participate in NHRS, the plaintiff was appointed by the superior court for an indefinite term to serve at the "pleasure" of the Court. *See* N.H. CONST. pt. II, art. 82. The plaintiff's enrollment in NHRS by the county therefore was "compulsory."

The majority holds that the plaintiff is not entitled to membership in NHRS for the years 1947 through 1965 in part because the plaintiff enjoys benefits for these years under the special clerks of court retirement system, even though he did not enroll in this system until 1974. In my opinion, this holding is contrary to the applicable law and works an injustice on the plaintiff.

RSA 100-A:21 and :28 were enacted in 1967, two years after the plaintiff completed his service with Grafton County. I believe it is improper to apply these provisions retrospectively in this case.

"The law presumes that statutes are intended to operate prospectively. 'The presumption . . . is reversed when [a statute's] purpose is remedial or a contrary intent is shown.'" *Harris v. Adams*, 123 N.H. 167, 170, 459 A.2d 241, 243 (1983) (quoting *Pepin v. Beaulieu*, 102 N.H. 84, 89, 151 A.2d 230, 235 (1959)) (citations omitted). RSA chapter 100-A clearly is intended to apply prospectively. The statute establishes a new retirement system for public employees which is

to operate as a corporation. RSA 100:2 (1964). This system became effective only as of July 1, 1967. RSA 100-A:2. In my view, this case therefore should be considered in light of the law effective during the plaintiff's tenure as Grafton County clerk of court.

RSA 100:18 (1964) is the only applicable provision that appears to support the majority's position. Entitled "Limitation on Membership," this provision provides:

> "The retirement system and the provisions hereof shall not apply to any person benefited by or entitled to participate under any other provision of law which provides wholly or in part at the expense of the state or of any subdivision thereof, for retirement benefits for employees of the state . . . ."

RSA 100:18 (1964). This provision plainly states that membership in NHRS is contingent on an employee's nonparticipation in other publicly funded retirement programs.

Whether the plaintiff is entitled to NHRS benefits under this provision depends on what the statute intends by "membership" in NHRS. The majority construes this term to embrace both an employee's right to accrue benefits under the system and his right to enjoy benefits already accrued. Thus, the majority holds that subsequent participation in the clerks of court retirement system divested the plaintiff of his right to accrued NHRS benefits.

The statute, however, does not support the majority's position. Under the statute, "[a] member shall cease to be a member if . . . he becomes a beneficiary." RSA 100:3, V(c) (1964). The statute thus intends the term "membership" to refer only to an employee's right to accrue future benefits, not his right to enjoy benefits already accrued. The plaintiff's nonmember status under RSA 100:18 (1964) therefore does not affect his rights as a beneficiary.

As a Grafton County employee eligible to participate in NHRS, the plaintiff had a legal right to be enrolled in the system by the county. *See State Employees' Ass'n of N.H. v. Belknap County*, 122 N.H. 614, 621, 448 A.2d 969, 972 (1982). The county failed not only to honor this right, but also to advise the plaintiff of his eligibility for NHRS benefits. It is thus entirely likely that the plaintiff was unaware of his rights to these benefits.

By holding that the plaintiff's subsequent participation in the special clerks of court retirement system divested him of his rights under NHRS, the majority thus forces the plaintiff to forsake these rights unwittingly. The unfairness of this result further prompts my dissent.

The State retirement system "provides all eligible governmental

employees with an enforceable right to benefits." *State Employees' Ass'n of N.H., supra* at 621, 448 A.2d at 972. Where a county has failed to enroll an eligible employee in the retirement system, "requiring the county to pay its share of the unfunded contributions and permitting the eligible employee[ ] to 'buy-back' all prior years of creditable service [is] fair and reasonable." *Id.* at 626, 448 A.2d at 975. Since I believe the plaintiff was a Grafton County employee eligible to participate in NHRS, I would affirm the trial court's decision to allow the plaintiff to "buy-back" his years of uncredited service.