Grafton
No. 93-250

TOWN OF LITTLETON & a.

v.

KATHRYN TAYLOR

April 12, 1994

*Moulton, Samaha, Vaughan & Foley, P.A.*, of Littleton (*Stephen U. Samaha* on the brief and orally), for the plaintiff, Town of Littleton.

*Douglas & Douglas*, of Concord (*Charles G. Douglas, III* and *Susanna L. Giombetti* on the brief, and *Mr. Douglas* orally), for the intervenors, Eddy L. Moore, Ferne J. Foster, Jr., and Kenneth E. Curran.

*Stebbins, Bradley, Wood & Harvey, PA*, of Hanover (*David H. Bradley* on the brief and orally), for the defendant.

BROCK, C.J.    Three taxpayers (the intervenors) from the Town of Littleton (the town) appeal an order of the Superior Court (*Morrill*, J.) dismissing the town's petition for declaratory judgment. The intervenors argue that RSA 669:7 (1986) and the common law doctrine of incompatibility of offices precludes the defendant's simultaneous employment as librarian and service as town selectman. The defendant cross-appeals an order of the Superior Court (*Morrill*, J.) deny-

ing her motion for attorney's fees. The defendant argues that she should be awarded attorney's fees under the "public trust" theory set forth in *Silva v. Botsch*, 121 N.H. 1041, 1043, 437 A.2d 313, 314 (1981). We affirm the order concerning declaratory judgment, reverse the order concerning attorney's fees, and remand.

The defendant, Kathryn Taylor, was appointed librarian of the Littleton Public Library (the library) by the Littleton Board of Library Trustees (the board) pursuant to RSA 202-A:11, V (1989). Twelve years later, she was elected to the office of town selectman for a three-year term and took office. The next day, the town's two other selectmen petitioned in the name of the town for declaratory judgment and injunctive relief. The town sought both a judgment as to whether the defendant's simultaneous employment as librarian and service as town selectman violated RSA 669:7, and an injunction against her participation as selectman until the issue was resolved. The two selectmen asserted neutrality on the issue, and three town residents intervened in order to protect the interests of the town's taxpayers. All parties submitted an agreed statement of facts. The court dismissed the town's petition, holding that the defendant had not violated the statute as she was not a full-time employee of the town. The court denied the defendant's motion for reimbursement of her legal fees incurred in defending the action.

We will not disturb the trial court's ruling absent an abuse of discretion or a finding that the decision is unsupported by the evidence or legally erroneous. *In re Kearsarge Regional School District*, 138 N.H. 211, 214, 636 A.2d 1033, 1035 (1994).

The intervenors argue that the defendant's simultaneous employment as librarian and service as town selectman violate RSA 669:7. The statute reads, in pertinent part: "No full-time town employee shall at the same time hold the office of selectman."

The trial court found that the defendant "is not a full-time employee of the Town. She is a full-time employee of the Town Library." Consequently, we first determine if the trial court erred in finding that the defendant is a full-time employee of the library.

In determining whether an employer-employee relationship exists, we consider factors such as managerial and fiscal control. *Samaha v. Grafton County*, 126 N.H. 583, 586, 493 A.2d 1207, 1210 (1985). The characteristics of the defendant's employment were enumerated in the parties' agreed statement of facts. Those facts are consistent with the trial court's determination that the defendant was an employee of the library and not of the town. They provide ample evidence of the library board's managerial and fiscal control over the

librarian and the town's lack thereof. For example, the board appoints the librarian, determines compensation and other terms of employment, and has the exclusive power to discharge or remove the librarian from office. RSA 202-A:11, V, :17 (1989). Neither the town's board of selectmen nor the town manager has any authority to assign duties to, to supervise the work of, or to remove the librarian. In contrast, public employees of the town are appointed and removed by the town manager, who also sets their compensation. RSA 37:6, II (1988); P. LOUGHLIN, 13 NEW HAMPSHIRE PRACTICE, LOCAL GOVERNMENT LAW § 383, at 260 (1990). We find no error in the trial court's conclusion that the defendant is a full-time employee of the library. *See Samaha*, 126 N.H. at 586, 493 A.2d at 1210.

The intervenors argue that the trial court's order is "confusing" and "legally erroneous" because it stated that the defendant was "the full-time public librarian for the Town," but that she "is not a full-time employee of the Town." Any confusion on the intervenors' part stems from their erroneous assumption that employment as librarian of a public library in a town automatically equates to employment by that town. A "public library" is defined as a library "which provides regular and currently useful library service to the public without charge," and which receives regular financial support from public sources, such as a town, or private sources. *See* RSA 202-A:2, I (1989). Further, a "public library" is "every library regularly open to the public, or to some portion of the public, with or without limitations, . . . whether its ownership is vested in the town, in a corporation, in an organized association, or in individuals." RSA 41:21 (1991).

The intervenors' argument ignores the trial court's specific finding that the library "is a separate and distinct entity" from the town. The Littleton Public Library was established pursuant to a contract between Andrew Carnegie and the town in 1902. Carnegie donated funds to construct the library building in return for the town's pledge to provide continuing financial support. The Littleton Board of Library Trustees is the governing board of the library. RSA 202-A:2, II (1989). The publicly elected board is vested with the entire custody and management of the library and of all the property of the town relating thereto, except trust funds held by the town. RSA 202-A:6 (1989). The board has adopted and maintained bylaws which govern the library. RSA 202-A:11, I (1989).

The library budget is funded by both town taxes and private sources. The board determines how to expend, and has the power to expend, all funds provided to the library. RSA 202-A:11, II-IV (1989).

Most important, the town has no power to discontinue the library. RSA 202-A:18 (1989 & Supp. 1993). We find no error in the trial court's finding that the defendant's employment as librarian of the Littleton Public Library does not equate to employment by the Town of Littleton. *Cf. Jaskola v. City of Manchester*, 134 N.H. 45, 49, 587 A.2d 256, 258 (1991). Consequently, the defendant's simultaneous employment as librarian and service as town selectman do not violate the statute. *See Tappan v. Shaw*, 113 N.H. 353, 354–55, 306 A.2d 762, 763 (1973).

■ The intervenors also argue that the common law doctrine of incompatibility of offices precludes the defendant from simultaneous employment as librarian and service as town selectman. We disagree. The doctrine bars an individual from holding two offices when one office is subordinate to the other, as the governmental checks and balances are eliminated because an individual is reviewing his or her own work. LOUGHLIN, *supra* § 622, at 420. We have held that membership on a school district's prudential committee (officers of the school district) was incompatible with the position of auditor of that same school district. *Cotton v. Phillips*, 56 N.H. 220, 223 (1875). Prudential committee members administered the affairs of the school district, took custody of and disbursed the money apportioned to the district, and made contracts with school teachers. The auditors examined the accounts and vouchers of the prudential committee and reported their findings. The two offices were incompatible as an auditor sat in judgment on the acts of the prudential committee, and could conceal a misappropriation of funds from the district. *Id.*

We have also held that the position of school teacher in a city school district was not incompatible with the office of city councilman, where the school district hired the teacher and determined teacher salaries, and the general management and control of the public schools was vested in the school board and not the city council. *Tappan v. Shaw*, 113 N.H. at 354–55, 306 A.2d at 763. As noted above, the defendant librarian is not subordinate to the town's board of selectmen or the town manager. The library board of trustees appoints the librarian, determines her salary, and is vested with the management and control of the library.

■ It is true that the town's board of selectmen fills a vacancy in the office of library trustee by appointment. RSA 202-A:10 (1989); RSA 669:75 (1986). The doctrine of conflict of interest, however, is not equivalent to that of incompatibility of offices. LOUGHLIN *supra*. The defendant has publicly declared that she would abstain, as se-

lectman, from voting to fill a vacancy in the library board, should one occur. Such abstention would defuse that possible conflict of interest. Although the city charter does not appear in the text of *Tappan*, selected sections of it are a part of the record in this case. We note that the city council in *Tappan* was also charged with filling any vacancy in the offices of the school board. We hold that the defendant's simultaneous employment as librarian and service as town selectman do not violate the common law doctrine of incompatibility of offices.

On her cross-appeal, the defendant argues that the town should pay her attorney's fees under the "public trust" theory set forth in *Silva v. Botsch*, 121 N.H. 1041, 1043, 437 A.2d 313, 314 (1981). The town argues that attorney's fees are not appropriate in this case because the town's petition did not seek the defendant's removal as selectman, and because the defendant did not initiate the litigation. The town also argues that if attorney's fees are awarded, the intervenors should pay them and not the town.

■   In reviewing the trial court's denial of the defendant's motion for attorney's fees, we defer to the trial court's decision and will not overturn it absent an abuse of discretion. *Maguire v. Merrimack Mut. Ins. Co.*, 133 N.H. 51, 54–56, 573 A.2d 451, 453–54 (1990). Although the general rule is that each party pays his or her own attorney's fees, the legislature and judiciary have created a number of flexibly applied exceptions. *Irwin Marine, Inc. v. Blizzard, Inc.*, 126 N.H. 271, 276, 490 A.2d 786, 790–91 (1985). The legislature has provided that both State and county officials who successfully resist removal may obtain costs and attorney's fees. *Foster v. Town of Hudson*, 122 N.H. 150, 151, 441 A.2d 1183, 1184 (1982); *see* RSA 4:1, IV (1988); RSA 28:10-a, IV (1988). We have held that local officials should have the same privilege. *Foster*, 122 N.H. at 151, 441 A.2d at 1184.

■   This petition for declaratory judgment, brought after the defendant had already taken office as selectman, essentially placed her in the same position as if a *quo warranto* proceeding had been brought against her. *See Attorney-General v. Marston*, 66 N.H. 485, 486–87, 22 A. 560, 561 (1891). She defended against the petition in order to retain her official, elected position as selectman. Therefore, we hold that the defendant is entitled to an award of attorney's fees. *See Silva*, 121 N.H. at 1045, 437 A.2d at 315; *Foster*, 122 N.H. at 152, 441 A.2d at 1184. We further find it appropriate under these circumstances to require the town to pay the defendant's attorney's fees. As a public trustee elected to administer municipal affairs, the defend-

ant not only vindicated her own right to hold the office of selectman, but also conferred a substantial benefit on the town she serves. *See Irwin Marine, Inc.*, 126 N.H. at 276, 490 A.2d at 791.

We reverse the trial court's denial of the defendant's motion for attorney's fees and remand for a determination as to the reasonable amount of attorney's fees that she should receive from the town.

> *Affirmed in part; reversed in part; remanded.*

JOHNSON, J., did not sit; the others concurred.