Grafton
No. 2009-098

ROGER BEDARD & a.

v.

TOWN OF ALEXANDRIA

Argued: October 8, 2009
Opinion Issued: February 11, 2010

*Colin W. Robinson*, of Lyme, on the brief and orally, for the plaintiffs.

*Donahue, Tucker & Ciandella, PLLC*, of Portsmouth (*Christopher L. Boldt* and *John L. McGowan* on the brief, and *Mr. Boldt* orally), for the defendant.

CONBOY, J. The defendant, the Town of Alexandria (Town), appeals an order of the Superior Court (*Vaughan*, J.) denying its motion for attorney's fees. The plaintiffs, Roger and Judith Bedard, cross-appeal the court's denial of their motion for summary judgment. We affirm.

The parties stipulated to the following facts. The plaintiffs own and operate a sandpit covering approximately 7.9 acres in Alexandria. Wesley Platts, an owner of land abutting the sandpit, is a "disapproving abutter" for purposes of RSA chapter 155-E, the statute that governs local regulation of excavations. Pursuant to the statute, excavation is prohibited within fifty feet of Platts' land (setback area). RSA 155-E:4-a, II (2002). In 1999, the Town Planning Board (Board) renewed the plaintiffs' permit for excavation. In 2005, the Board informed the plaintiffs that they had violated the fifty-foot setback prohibition by excavating within the setback area. Although the plaintiffs disturbed materials from and within the setback area, they did not remove such materials from the pit. As a result of the plaintiffs' activities, the setback area contains a slope of bare dirt, approximately forty-five degrees in grade, which leads up through the sandpit to Platts' property line.

The plaintiffs sought a declaration from the trial court that movement of the soil in the setback area does not constitute "excavation" within the meaning of RSA chapter 155-E. The Town subsequently filed a motion for partial summary judgment, requesting from the court authority to require reclamation of the setback area. The plaintiffs filed a cross-motion for

summary judgment, arguing that, as a matter of law, their activities in the setback area do not constitute "excavation." The trial court ruled that the plaintiffs impermissibly excavated in the setback area and ordered them to undertake reclamation in accordance with RSA 155-E:5 and the Town's regulations. Because the trial court's order did not address the Town's request for attorney's fees pursuant to RSA 155-E:10, II (2002), the Town submitted a pleading requesting attorney's fees. The court denied the request.

We first address the plaintiffs' argument that the trial court erred in denying their summary judgment motion. Because this appeal turns on the court's interpretation of RSA chapter 155-E, we review this issue of law *de novo. Coco v. Jaskunas*, 159 N.H. 515, 518 (2009).

> We are guided by a number of well-settled principles of statutory construction. Our goal is to apply statutes in light of the legislature's intent in enacting them, and in light of the policy sought to be advanced by the entire statutory scheme. When construing the meaning of a statute, we first examine the language found in the statute, and where possible, we ascribe the plain and ordinary meanings to words used. We interpret statutes not in isolation, but in the context of the overall statutory scheme.

*Id.* (quotations and citations omitted).

The plaintiffs assert that the trial court erred in finding that moving earth within fifty feet of an objecting abutter's land for the purpose of reclamation is "excavation" pursuant to RSA 155-E:1, II (Supp. 2009). The plaintiffs acknowledge that they created a forty-five degree slope in the setback area. They argue, however, that creation of the slope did not constitute "excavation," but, rather, reclamation under RSA 155-E:5, III (2002), which requires all slopes to "be graded to natural repose." They contend, furthermore, that such action is not "excavation" because it is not a "commercial taking of earth." RSA 155-E:1, II. The plaintiffs assert that "commercial taking of earth" means "removing earth for the purpose of placing it into the stream of commerce." Thus, the plaintiffs attempt to distinguish the movement of soil in the setback area from their commercial excavation work contiguous to the setback area, which work necessitated creation of the offending slope.

The statutory definition of "excavation" is "a land area which is used, or has been used, for the commercial taking of earth, *including all slopes*." RSA 155-E:1, II (emphasis added). Upon completion of an excavation, the owner of the excavated land is required to complete reclamation of the affected areas. *See* RSA 155-E:5. The reclamation requirements are set forth in RSA 155-E:5, which states in pertinent part:

> All slopes, except for exposed ledge, shall be graded to natural repose for the type of soil of which they are composed so as to control erosion or at a ratio of horizontal to vertical proposed by the owner and approved by the regulator. Changes of slope shall not be abrupt, but shall blend with the surrounding terrain.

RSA 155-E:5, III. RSA 155-E:4-a sets forth the excavation operating standards, including the prohibition against any excavation "within 50 feet of the boundary of a disapproving abutter." RSA 155-E:4-a, II (2002).

In essence, the plaintiffs argue that because the slope they created constitutes reclamation of the actual excavation area and the statute requires that slopes be graded to natural repose, the statute does not prohibit their slope from intruding into the setback. The trial court rejected the plaintiffs' "narrow reading of the statute." As the court explained, such reading "would sever entirely the reclamation from the commercial taking it is intended to rectify." Thus, implicit in the trial court's order is the finding that the plaintiffs removed earth, for commercial purposes, from an area contiguous to the setback area. The trial court further found that

> creation of the slope is inseparable from the commercial taking as they were clearly part of the same project and the slope was created for the sole purpose of attempting to make the commercial taking comply with applicable statutes and regulations. The slope was created to enable the commercial taking and was, therefore, part of the area used for commercial taking. The slope is included in the excavation.

In light of these findings, the trial court determined that in moving soil and creating the slope, which intruded into the setback area, the plaintiffs "exceeded the scope of the [excavation] permit issued by the Town in 1999 and violated RSA 155-E:4-a, II by excavating within 50 feet of the boundary of a disapproving abutter." We agree with the trial court's conclusion.

The statutory definition of "excavation" includes "all slopes" in the land area used for the commercial taking of earth. The definition includes no exception for slopes created as part of reclamation. Thus, the plaintiffs' argument that the slope is separate from their excavation activity is contrary to the plain language of the statute. Moreover, permitting disruption of the soil in the setback area as part of reclamation would contravene the express statutory provisions protecting the setback area. The requirement that slopes be "graded to natural repose" does not vitiate the prohibition against excavation within fifty feet of the boundary of a disapproving abutter. We therefore uphold the trial court's denial of the plaintiffs' motion for summary judgment.

We next address the Town's argument that the trial court erred in denying its request for attorney's fees. In its pleadings, the Town requested fees without specifying the theory under which they should be awarded. "We will not overturn the trial court's decision concerning attorney's fees absent an unsustainable exercise of discretion." *Portsmouth Country Club v. Town of Greenland*, 152 N.H. 617, 624 (2005).

■ Although each party to a lawsuit normally bears the expense of its own attorney's fees, there are judicially-created and statutory exceptions to this rule. *Merrimack School Dist. v. Nat'l School Bus Serv.*, 140 N.H. 9, 14 (1995). As to judicially-created exceptions, "[a]ttorney's fees have been awarded in this State based upon two separate theories: 'bad faith litigation' . . . and 'substantial benefit.' " *N.H. Motor Transport Assoc. v. State*, 150 N.H. 762, 770 (2004) (citations omitted). Under the "bad faith litigation" theory, an award of attorney's fees is appropriate where "one party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, where the litigant's conduct can be characterized as unreasonably obdurate or obstinate, and where it should have been unnecessary for the successful party to have brought the action." *Harkeem v. Adams*, 117 N.H. 687, 691 (1977) (quotations and citations omitted).

■ Under the "substantial benefit" theory set forth in *Silva v. Botsch*, 121 N.H. 1041, 1043 (1981), attorney's fees may be awarded when a litigant's action confers a "substantial benefit" upon the general public. "[T]he good or bad faith of the defendants is not a consideration in the award of attorney's fees under this exception . . . . The bad faith conduct of the defendant is relevant only to the award of attorney's fees under the *Harkeem* exception, applicable to vexatious litigation." *Silva*, 121 N.H. at 1044.

Here, the trial court found no evidence that the plaintiffs acted in bad faith prior to or during the course of the litigation, and concluded that the plaintiffs' action was based on a reasonable misunderstanding of the applicable statute. Further, the court found that the plaintiffs' violation of RSA chapter 155-E was not egregious, and that they were apparently attempting to comply with the reclamation requirements of the statute. The court therefore concluded that the Town was not entitled to costs or attorney's fees. The court did not address the "substantial benefit" theory.

On appeal, the Town argues that the trial court applied the incorrect standard for determining whether to award attorney's fees. It contends that the court should have applied the "substantial benefit to the community" standard set forth in *Silva* and *Irwin Marine, Inc. v. Blizzard, Inc.*, 126 N.H. 271 (1985), rather than the "bad faith" standard articulated in *Harkeem*. The Town asserts that its enforcement of the regulations confers

a substantial benefit upon the citizens of Alexandria and the State, and therefore it is deserving of an attorney's fee award. The Town also asserts that it is entitled to fees under RSA chapter 155-E.

In *Silva*, we held that a town selectman who successfully challenged his removal from office was entitled to attorney's fees from the other selectmen because, as a public trustee elected to administer municipal affairs, his litigation not only vindicated his own right to hold office, but also conferred a substantial benefit on the town he served. *Silva*, 121 N.H. at 1043-44. In *Irwin Marine* we also applied the "substantial benefit" theory to hold that Irwin Marine was entitled to attorney's fees in its successful challenge to Laconia's bidding procedure regarding the sale of city-owned property.

> Irwin Marine vindicated its own interest in setting aside a sale of municipal property that was based on an unfair public bidding procedure. But more importantly, it conferred a substantial benefit on bidders as well as Laconia's citizens and taxpayers by successfully seeking a requirement of fairness in the city's public bidding procedures.

*Irwin Marine*, 126 N.H. at 276-77. We similarly determined that a bidder, whose purchase of city property was voided because of the improper bidding procedure, was entitled to such fees. *Id.* at 273-74, 277.

> A party that justifiably relies on governmental procedures ought not to be penalized in a subsequent court action in which the procedures are successfully challenged, by having to pay its own attorney's fees. That cost is more equitably borne by the governmental entity whose procedures are adjudicated as erroneous. Here, [the successful bidder] complied with the city's bidding procedures and had its bid accepted. The city, whose bidding procedures in this instance have been invalidated, therefore, ought to pay [the bidder's] counsel fees.

*Id.* at 277.

Likewise, in *New Hampshire Motor Transport Association* we relied on the "substantial benefit" theory to hold that the plaintiff association was entitled to an award of reasonable attorney's fees from the State because its successful action to stop the unauthorized expenditure of highway funds "conferred a substantial benefit[,] . . . not only [upon it][,] . . . but on the public as well." *N.H. Motor Transport Assoc.*, 150 N.H. at 770 (citation, quotation, brackets, and ellipses omitted). We explained that the public, which pays fees associated with automobile ownership and fuel taxes, "is most likely to suffer from any degradation of highway conditions or failure

to build new roads and highway infrastructure due to the diversion of funds for projects not exclusively related to highway purposes." *Id.*

■ In light of our case law, we conclude that the "substantial benefit" theory is inapposite here. We have not applied that theory to support an award in favor of a governmental entity against a private litigant. Rather, the theory is based on promotion of a public interest either by a private party or a public official. *See, e.g., Silva,* 121 N.H. at 1043-44. A governmental entity's responsibilities include protection of the public interest, and therefore, the award of attorney's fees for successfully meeting this responsibility is neither necessary nor warranted.

■ The Town also contends that because RSA 676:17, which requires the award of attorney's fees to a successful municipality in a planning or zoning enforcement action, is incorporated by reference into RSA 155-E:10, II (2002), an award of attorney's fees to the Town is "consistent with the overall statutory scheme established in the enforcement provisions of both RSA 155-E:10 and RSA 676:17." This "incorporation" argument fails, however, based upon the plain language of RSA 155-E:10, which governs the award of fees in excavation regulation enforcement actions. The statute provides only for discretionary fee awards:

> Fines, penalties, and remedies for violations of this chapter shall be the same as for violations of RSA title LXIV [Planning and Zoning], as stated in RSA 676:15, 676:17, 676:17-a, and 676:17-b. . . . [T]he superior court *in its discretion* may award all costs and attorney's fees incurred in seeking such an order to the regulator or person directly affected by such violation.

RSA 155-E:10, II (emphasis added). To construe this statute as providing for mandatory fee awards "by incorporation" would override the express provision for discretionary awards, in contravention of legislative intent. *See Smith v. City of Franklin,* 159 N.H. 585, 589 (2010) ("We must give effect to all words in a statute, and presume that the legislature did not enact legislation with superfluous or redundant words."). Upon review of the record in this case, we conclude that the trial court sustainably exercised its discretion in denying an award of attorney's fees to the Town.

*Affirmed.*

BRODERICK, C.J., and DALIANIS, DUGGAN and HICKS, JJ., concurred.