Grafton,
No. 4677.

CONCORD NATIONAL BANK, *Trustee v.* HAVERHILL & *a.*

Argued September 3, 1958.

Decided October 7, 1958.

*Sulloway, Hollis, Godfrey & Soden* for the plaintiff, furnished no brief.

*Harold K. Davison* for the defendant town of Haverhill, furnished no brief.

*Luigi J. Castello* for the defendant town of Bath, furnished no brief.

*Cotton, Tesreau & Stebbins* and *William R. Johnson* (*Mr. Johnson* orally), for the defendant trustees of Dartmouth College.

*Ernest R. D'Amours*, Director of Charitable Trusts, *pro se.*

KENISON, C. J. In this jurisdiction the allowance of attorneys' fees has developed slowly and generally speaking has not been as liberal as in our neighboring states. *Kimball* v. *Bible Society*, 65 N. H. 139, 160; *Guay* v. *Association*, 87 N. H. 216, 221, 222; Richter, Probate Fees: The Story of a Remedial Statute, 32 B. U. L. Rev. 54, 60 (1952). Counsel fees were not allowed in *Borchers* v. *Taylor*, 83 N. H. 564, 572, but in that case it is to be noted that they were sought by parties contesting the validity of a charitable trust. Parties seeking to defeat a charitable trust are not entitled to an allowance out of the trust estate for their counsel fees. The rationale for this rule was explained in *Adams* v. *Page,*

76 N. H. 270, 272: "From the foregoing recital it appears that the course taken by the heirs was not for the protection of the trust fund and as an aid to the trustees in carrying out the purpose of the testatrix, but was an unsuccessful attempt on their part to have the bequest to the trustees declared void, the fund turned over to themselves as heirs-at-law, and to defeat the testator's general purpose to provide hospital accommodations for the people of Franklin and vicinity. Under such circumstances the defeated party is not entitled as [a] matter of law to recover costs of his adversary, or to be reimbursed for costs and expenses out of the trust fund. Indeed, the case presents no legal or equitable ground in support of their contention."

The situation with respect to the educational and charitable trust in this case is a fairly common one in that some of the subordinate and secondary conditions of the trust resulted in unused and accumulated income tending to frustrate the primary purpose of the trust. The Court in its decree found "that in order for the income of the Bartlett fund to be more fully utilized in promoting the testators' primary purpose of assisting needy and worthy students from the towns of Haverhill and Bath at Dartmouth College certain secondary restrictions on the use of income must be relaxed by applying the principles of *cy pres*." Whether the Court's decree in this case was an application of *cy pres* (IV Scott, Trusts (2d *ed.* 1956) *s.* 399) or only the application of the doctrine of deviation (IV Scott, Trusts (2d *ed.* 1956) *s.* 381; *Exeter* v. *Robinson Heirs*, 94 N. H. 463, 466) is of no consequence in determining the question of allowing counsel fees since the rule would be the same in either case. Our cases have indicated that the allowance of counsel fees in a petition for instructions involving a testamentary trust have not been limited to those of the trustee. See *Bean* v. *Bean*, 74 N. H. 404. "A necessary expense of protecting or managing a trust fund, whether incurred by the trustee or by the beneficiary may be charged upon the fund." N. H. Anno. Restatement, Trusts, *s.* 244, *comment* c; *Burke* v. *Railroad*, 62 N. H. 531.

While it is true that the towns of Haverhill and Bath and Dartmouth College are not direct beneficiaries of the charitable trust, it cannot be doubted that they had an interest in the bill for instructions. Strictly speaking, these defendants did not create, establish, preserve or maintain the trust but, along with the Director of Charitable Trusts, they participated in working out a

plan which enabled the educational trust to function effectively and efficiently under modern conditions. While there are no cases on all fours, the defendants' participation in the litigation can be considered a service to the trust and an aid to the Court which is sufficient to support a discretionary allowance of counsel fees by the Superior Court. *Vanderbilt University* v. *Mitchell*, 162 Tenn. 217. *Burke* v. *Railroad, supra; Wemme* v. *First Church of Christ*, 110 Ore. 179. See *Rollins* v. *Rice*, 59 N. H. 493, 498; Lees, "Governmental Supervision of Charitable Trusts," in Current Trends in State Legislation 1955-1956, *pp.* 611, 624 (Mich. Legislative Research Center 1958).

Legend has it that Mr. Justice *Holmes* stated that the standard to be applied by a court in allowing attorneys' fees was to be reasonably mean. Even if this were true, it would not provide a specific guide for courts and trustees today. Accordingly, it should be emphasized that the allowance of attorneys' fees is not a matter of right but rests in the cautiously exercised discretion of the court. Attorneys' fees should be allowed only in those cases where the litigation is conducted in good faith for the primary benefit of the trust as a whole in relation to substantial and material issues essential to the proper administration of the trust. Anno. 9 A.L.R. (2d) 1132. It is recognized that in such cases the court has a duty to protect the charitable estate from vicarious generosity which might result if attorneys' fees were allowed as a matter of right. *Re Atwood's Trust*, 227 Minn. 495.

It is well settled in this jurisdiction that the Attorney General, or the Director of Charitable Trusts as his representative (RSA 7:19, 20), is an indispensable party in any judicial proceeding involving the enforcement and supervision of charitable trusts. *Burtman* v. *Butman*, 94 N. H. 412, 414; *Souhegan Nat. Bank* v. *Kenison*, 92 N. H. 117. This necessarily includes any proceeding which involves the application of *cy pres* or deviation, or termination of charitable trusts. RSA 7:29; *Petition of Burnham*, 74 N. H. 492. While the Attorney General or his representative represents the public in the enforcement and supervision of charitable trusts, this does not preclude other interested parties from presenting their views particularly where they are acting for the benefit of the charitable trust as a whole. *Re Atwood's Trust, supra.* See *Bean* v. *Bean*, 74 N. H. 404. The Superior Court is advised that it has discretionary authority in the exercise of its original jurisdiction to award the reasonable counsel fees out of

420

the trust fund that were requested in this proceeding. *Burke* v. *Railroad*, 62 N. H. 531.

The question whether the attorneys' fees should be paid out of the substantial accumulated income or the principal, is to be determined by the probate court. *Page* v. *D'Amours*, 99 N. H. 441, 442; RSA 564:21.

*Remanded.*

All concurred.