Cheshire
No. 85-347

## THE STATE OF NEW HAMPSHIRE

v.

## MICHAEL B. MCGANN

June 5, 1986

*Stephen E. Merrill,* attorney general (*Kathleen A. McGuire,* attorney, and *Andrew W. Serell,* attorney, on the brief, and *Mr. Serell* orally), for the State.

*Joanne Green,* assistant appellate defender, of Concord, by brief and orally, for the defendant.

JOHNSON, J. The defendant, Michael McGann, was tried in separate jury trials in Superior Court (*O'Neil,* J.) on two class A felony charges, RSA 637:7, :11 (1974 and Supp. 1983). He was found guilty of a class A felony for receiving a stolen truck and of a class B felony for receiving a stolen furnace. The defendant appeals both convictions, and raises two issues: (1) whether evidence obtained pursuant to a March 10, 1983 search warrant should have been suppressed at his two trials because the affidavit contained reckless misrepresentations which bore on the reliability of the informant; and (2) whether the court erred at the defendant's second trial in denying the defendant the opportunity to cross-examine the State's key witness concerning an alleged act of perjury by the witness in an unrelated proceeding. We find no error and affirm.

On March 10, 1983, the Keene District Court (*Talbot,* J.) issued a warrant authorizing a search of the defendant's residence and business property for stolen property. The basis for the warrant was an affidavit presented by Officer Pelio of the Cheshire County Sheriff's Department, who had received information from an unnamed informant. The informant, who was later identified as Donald Class, worked part-time at Ashuelot Auto Sales, the defendant's business. When Class was arrested on unrelated charges, he provided information to law enforcement officials regarding the defendant's criminal conduct and the presence of stolen goods at the defendant's business property. Based on the evidence obtained from the search of the defendant's property, he was charged with the two class A felonies.

Prior to his first trial on the stolen furnace charge, the defendant filed a motion to suppress the evidence obtained from the search. The defendant argued that the affidavit supporting the search warrant did not establish probable cause and contained material misrepresentations. The trial court held a hearing on this motion on June 12, 1984, and thereafter transferred the issues without ruling to this court. *See* SUP. CT. R. 9. We declined the interlocutory transfer on July 26, 1984. On August 7, 1984, the trial court denied the motion to suppress. Evidence seized pursuant to the search warrant was then introduced at the defendant's two trials.

At the defendant's second trial on the stolen truck charge, defense counsel attempted to cross-examine Class, a State's witness, concerning an allegation that Class committed perjury in a prior unrelated proceeding. The trial court refused to allow this questioning. In addition, counsel was not allowed to ask Class whether he had ever committed perjury while on the witness stand.

We first address the State's contention that the defendant failed to preserve the issue of whether the search warrant was based on an affidavit containing reckless material misrepresentations. The State argues that the defendant's motion to suppress only claimed that the misrepresentations were material, not that they were reckless or intentional, and that the notice of appeal does not raise the issue. Our review of the record, however, leads us to a different conclusion.

■ The defendant argued in his motion to suppress that the affidavit in support of the search warrant was insufficient to establish probable cause, that it misrepresented the facts, that it was based on insufficiently corroborated hearsay, and that it contained inaccurate, irrelevant and inappropriate allegations. Moreover, in his notice of appeal, the defendant raised the issue of whether the affidavit contained substantially erroneous statements, and he cited cases which discussed reckless and intentional material misrepresentations. *See, e.g., State v. Spero*, 117 N.H. 199, 371 A.2d 1155 (1977). Hence, although the defendant did not use the word "recklessly," he has sufficiently preserved the issue.

We next consider whether the trial court erred in admitting tainted evidence at the defendant's trials. The defendant contends that the search warrant affidavit contained reckless misrepresentations affecting the informant's reliability, and that, therefore, the warrant was illegal and the evidence obtained from the illegal search was inadmissible.

The trial court's August 7, 1984 order stated that there were erroneous facts in the search warrant affidavit. The defendant contends that these misstatements of fact were made recklessly to bolster the credibility of the informant. He argues that if the affidavit accurately reflected the information supplied by Class, the informant's unreliability would have surfaced. According to the defendant, the informant's lack of reliability undermines the affiant's credibility and renders the remainder of the affidavit suspect. If that is the case, the defendant contends, the warrant should be declared invalid for lack of probable cause.

■■ The defendant correctly states the standard for finding a search warrant invalid. If material facts are recklessly or intentionally misrepresented, the warrant is invalid and all information

obtained pursuant to that warrant must be suppressed. *State v. Chaisson*, 123 N.H. 17, 27, 458 A.2d 95, 101 (1983) (citing *State v. Spero*, 117 N.H. at 205, 371 A.2d at 1158).

We have stated that

> "whether an affidavit contains a misrepresentation and whether the misrepresentation was material are questions of law, for which this court is ultimately responsible, while the issue of willfulness or recklessness of the misrepresentation is a question of fact for the trial court, which we will not overturn if the finding is supported by the evidence."

*State v. Chaisson*, 125 N.H. 810, 814, 486 A.2d 297, 300 (1984). The issue of whether the misrepresentations contained in the Pelio affidavit are material is not before us since the State does not contest that at least some of the misstatements are material. We need consider only whether these misrepresentations were made "recklessly."

■ The trial court failed to rule explicitly on the recklessness issue. Instead, the judge stated that he was unable to find the misrepresentations intentional because Deputy Pelio may have relied on another affidavit prepared by State Trooper Gorecki. In denying the motion, the court also implicitly ruled that the misstatements were not reckless. *See State v. Spero, supra* at 205, 371 A.2d at 1158 (a misrepresentation is reckless if the affiant had no reasonable ground for believing the statement to be true). The matter of recklessness is a question of fact for the trial court and "we will not disturb the trial court's finding unless it was unreasonable or unsupported by the evidence." *State v. Doyle*, 126 N.H. 153, 156, 489 A.2d 639, 641 (1985); *see State v. Chaisson*, 123 N.H. at 27–28, 458 A.2d at 101.

■ In *State v. Renfrew*, 122 N.H. 308, 444 A.2d 527 (1982), we stated that when the court is presented with misrepresentations that are not reckless or intentional in a search warrant affidavit, the warrant may be held valid if, after excising the misstated facts, sufficient information remains to constitute probable cause to issue a warrant. *Id.* at 311, 444 A.2d at 529. The court followed this procedure in concluding that the warrant was valid. *See State v. Mandravelis*, 114 N.H. 634, 325 A.2d 794 (1974). We find no error or abuse of discretion and, therefore, affirm the trial court's denial of the motion to suppress.

The second issue is whether the trial court erred in precluding defense counsel from cross-examining Class regarding an allegation of perjury. At the defendant's second trial, Class testified as follows

for the State. He and the defendant stole the truck. Class then drove the stolen truck, followed by the defendant in a separate vehicle, to the defendant's place of business. The truck was subsequently dismantled by Class and the defendant, and the parts were used to reconstruct a vehicle which the defendant owned.

On direct examination, Class testified that he had been convicted of giving a false name to a Fish and Game officer, of operating an unregistered snowmobile and of three counts of receiving stolen property. In addition, he admitted to an extensive motor vehicle record and to committing a number of felonies for which he was not charged. Defense counsel cross-examined Class at length about the incident with the Fish and Game officer, and sought to question him about an allegation that he had committed perjury while testifying under oath at a motor vehicle hearing. Class had previously testified at the defendant's suppression hearing that this prior testimony at his own hearing was not perjured. Perjury charges were never brought against Class, and the trial court refused to allow defense counsel to cross-examine Class about his testimony at the unrelated hearing or to ask him if he had ever committed perjury while on the witness stand.

■■ A trial judge has broad discretion in determining the scope of cross-examination, and we will not reverse the court's ruling absent an abuse of discretion. *State v. Sands*, 123 N.H. 570, 612, 467 A.2d 202, 229 (1983). This discretion applies to the admission of testimony regarding a witness's credibility. *State v. Ramos*, 121 N.H. 863, 866, 435 A.2d 1122, 1124 (1981).

The present New Hampshire Rule of Evidence 608(b) is consistent with prior New Hampshire common law. The rule allows impeachment of a witness's credibility through the use of "specific instances of conduct . . . in the discretion of the court, if probative of truthfulness or untruthfulness." N.H. R. Ev. 608(b).

■ Class was a key witness for the State at the defendant's trial, and his testimony was important in obtaining the defendant's conviction. It does not necessarily follow, however, that the testimony which defense counsel sought to elicit from Class was vital to impeaching that witness's credibility. The State had already presented evidence that was damaging to Class's credibility. The admitted evidence concerning prior convictions and other bad acts was sufficient to allow the jury to make a judgment about Class's truthfulness. Thus, we find that the evidence which the defendant sought to introduce, concerning the unconfirmed allegation of per-

jury against Class, would have been of minimal impeachment value. The discretion of the trial court was properly exercised.

We find no error in the trial court's decision and, therefore, affirm.

*Affirmed.*

All concurred.