Hillsborough County Probate Court
No. 85-281

### *In re* ESTATE OF MABEL E. LEONARD

August 7, 1986

*Prunier, Mazerolle, Frasca & Leonard P.A.*, of Nashua (*Stephen J. Frasca* on the brief and orally), for Richard D. Leonard.

*Peter A. Gleichman*, of Portsmouth, by brief and orally, for Jeffrey McCabe and Jennifer McCabe.

### MEMORANDUM OPINION

On a petition for instructions to a trustee, the Hillsborough County Probate Court (*Cloutier*, J.) received extrinsic evidence to resolve an ambiguity in the terms of a testamentary trust. The court found that the testatrix had intended "lineal descendants" of her son to include two of his children who had been adopted by their step-father, following the divorce of their natural parents and prior to the execution of the will. Finding no error on any of the three issues raised on appeal by the testatrix's son or on the one issue raised by the adopted children on cross-appeal, we affirm.

I. In her will, the testatrix devised land to the adopted children by name as well as to the named child of her daughter, all of whom she described collectively as her "grandchildren." She also provided for a testamentary trust for her two children and "their lineal descendants." A dispute over the inclusion of the adopted children as "lineal descendants" of their natural father led the adopted children to file the petition for instructions, which resulted in the decree in their favor. On appeal, the testatrix's son claims that the term "lineal descendants" has a commonly understood meaning, *see Amoskeag Trust Co. v. Preston*, 107 N.H. 330, 331–33, 222 A.2d 158, 159–60 (1966), and that no ambiguity appears that would justify taking extrinsic evidence to determine the intended scope of the term. *See Indian Head Nat'l Bank v. Brown*, 123 N.H. 87, 91, 445 A.2d 1056, 1058 (1983). Even if we assume, however, that "lineal descendants," standing alone, would not commonly refer to a person's children after adoption by another, we nonetheless believe that the testatrix's description of such children as her "grandchildren" resulted in ambiguity. Because she still regarded them as grandchildren, there was reason to question whether she intended to include them among her son's "lineal descendants." The appellant's failure to cite *Pickering v. Pickering*, 50 N.H. 349 (1870) (ambiguity apparent on face of will does not justify extrinsic evidence) or to

argue the significance of patent ambiguity, precludes us from expressing an opinion about the possible applicability of that case.

■■ II. The appellant next argues that the decree is inconsistent with RSA 170-B:20, I, II, III, and IV, which provide that with respect to rights, duties, and inheritance an adopted child shall be treated as a natural child of the adopting parent. These sections of the statute do not, however, limit rights of an adopted child to benefit under a will or trust. Only RSA 170-B:20, V arguably does that, by its provision that in "the absence of specific language to the contrary, an adopted child shall be considered the same as a natural child, issue or heir of the body." Although the appellant's brief seems to allude to this statutory language at one point, it was passing reference at best, and it appears from the record before us that the appellant was no more specific in the trial court. In argument before us he did not refer to paragraph V at all. Thus, it is doubtful that the applicability of paragraph V was adequately raised below, and it is clear in any case that a passing reference, ignored in argument, does not preserve an issue on appeal. *D. W. Clark Road Equip., Inc. v. Murray Walter, Inc.,* 124 N.H. 281, 285, 469 A.2d 1326, 1329 (1983); *see State v. Bass,* 93 N.H. 172, 177, 37 A.2d 7, 11, *cert. denied,* 322 U.S. 763 (1944).

III. The appellant's third claim is that the trial court erroneously received and relied upon the unsworn testimony of an income beneficiary who appeared *pro se,* and a factual representation offered by counsel for another such beneficiary. The appellant failed to object to such testimony, however, *see* N.H. R. Ev. 103(b)(1), and may not object to it for the first time here. *Daboul v. Town of Hampton,* 124 N.H. 307, 309, 471 A.2d 1148, 1149 (1983).

■ IV. Finally, the adopted children cross-appeal the probate court's denial of their request for counsel fees at the expense of the trust. They claim that the question of their entitlement stymied the trust administration, the trustee having failed either to seek instructions or to distribute income. If true, it would not have been error for the court to allow counsel fees. *See Concord Nat. Bank v. Haverhill,* 101 N.H. 416, 419, 145 A.2d 61, 63 (1958). The court made no findings relevant to this issue, however, and the record is silent. Because the award of fees would have been discretionary in any case, *id.,* we cannot infer error on such a record.

*Affirmed.*