Strafford
No. 86-311

THE STATE OF NEW HAMPSHIRE

v.

JUDITH ISAACSON

June 8, 1987

*Stephen E. Merrill*, attorney general (*Kathleen A. McGuire*, assistant attorney general, on the brief, and *Andrew Serell*, attorney, orally), for the State.

*James E. Duggan*, appellate defender, of Concord, by brief and orally, for the defendant.

BATCHELDER, J. The defendant, Judith Isaacson, was convicted after a jury trial in the Superior Court (*Nadeau*, J.) of the sale of a controlled drug. RSA 318-B:26. The only issue properly raised on appeal is whether the trial court erred in excluding testimony concerning the conduct and activities of a fellow officer involved in the same undercover drug investigation as the State's chief witness. We affirm the conviction.

In the spring of 1985, the Farmington Police Department contacted the Sanford (Maine) Police Department for assistance in conducting an undercover drug investigation in Farmington. Detective Cobbett and Officer Beaulieu of the Sanford Police Department were assigned to the investigation. Sergeant Cosgrove of the Farmington Police Department supervised the operation in Farmington. The Farmington Police Department provided funds for use in the investigation. During the course of the investigation, Detective Cobbett generally remained in Sanford, acting as Officer Beaulieu's supervisor in the Sanford Police Department, while Beaulieu frequented Farmington to investigate the drug traffic.

On May 20, 1985, Beaulieu approached Bruce Kelleher and asked him if he had any marijuana or cocaine to sell. Kelleher was "out," but said Charlie Seale might have what Beaulieu wanted. Beaulieu and Kelleher went to Seale's residence in Farmington about 9:50 p.m. Seale was away, but Kelleher introduced Beaulieu to the defendant, Judith Isaacson, who was Seale's girlfriend. Kelleher told Isaacson that Beaulieu wanted to "buy a bag." The defendant told Beaulieu that a "bag" cost $25, and he gave her that amount. The defendant then gave Beaulieu a plastic bag containing 6.77 grams of marijuana. The defendant was arrested approximately two weeks later for the sale of marijuana. At trial, the State based its case primarily on Officer Beaulieu's testimony regarding the drug sale. The defense claimed that the drug sale had never occurred, produced alibi witnesses, and argued that the undercover investigation had been improperly conducted. The jury rejected the defendant's contentions and convicted her of the sale of a controlled drug. RSA 318-B:26.

In her brief, the defendant notes that in *State v. Chaisson*, 123 N.H. 17, 32, 458 A.2d 95, 104 (1983), this court followed the Arizona and Louisiana courts in recognizing that "it may be a denial of [a] defendant's confrontation right to refuse to permit him to impeach an important State witness with his prior criminal conviction." This passing reference to a "confrontation right" in the defendant's brief, ignored in oral argument, is not sufficient to raise any question under either our State Constitution or the Federal Constitution. *See In re Estate of Leonard*, 128 N.H. 407, 409, 514 A.2d 822, 823 (1986)

(statutory question waived); *see also State v. Dellorfano*, 128 N.H. 628, 632, 517 A.2d 1163, 1166 (1986) (brief must specifically invoke a provision of the State Constitution to properly raise State constitutional issue). The only question properly raised is whether the trial court abused its discretion in limiting the cross-examination of Officer Beaulieu, or in excluding the testimony of Bruce Kelleher, regarding Detective Cobbett.

■ Cross-examination is a matter of right. *Kennedy v. Ricker*, 119 N.H. 827, 832, 409 A.2d 778, 781 (1979) (following *Alford v. United States*, 282 U.S. 687 (1931)). Nevertheless, at common law, trial judges had broad discretion to determine the scope of cross-examination, *State v. Sands*, 123 N.H. 570, 612, 467 A.2d 202, 229 (1983), and they continue to have broad discretion in this area under the New Hampshire Rules of Evidence. Rule 611(b) provides: "In the interests of justice, the judge may limit cross-examination with respect to matters not testified to on direct examination." Rule 608(b) allows impeachment of a witness's credibility through the use of specific instances of conduct *"in the discretion of the court,* if probative of truthfulness or untruthfulness. . . ." (Emphasis added.)

■ Generally, the trial judge should allow wide latitude "on cross-examination for the purpose of showing bias on the part of a witness. . . ." 2 C. TORCIA, WHARTON'S CRIMINAL EVIDENCE § 406, at 671 (14th ed. 1986); *see also United States v. Abel*, 469 U.S. 45 (1984). The judge must, of course, "balance the factors of prejudice, confusion and delay against the probative value of the testimony" in determining the permissible scope of cross-examination. 3 J. WEINSTEIN AND M. BERGER, WEINSTEIN'S EVIDENCE ¶ 611[02], at 611–42 (1985) (discussing FED. R. EVID. 611(b)). Absent abuse of discretion, we will not overturn the trial court's ruling on the scope of cross-examination. *State v. McGann*, 128 N.H. 186, 190, 514 A.2d 1247, 1250 (1986).

In this case, the trial judge allowed the defense wide latitude on cross-examination. Defense counsel cross-examined Officer Beaulieu extensively concerning his manner of conducting the investigation, including Beaulieu's feigned use of marijuana, his consumption of beer, and his use of police funds. The defense also cross-examined Sergeant Cosgrove concerning Beaulieu's conduct during the investigation. In addition, Bruce Kelleher testified that Beaulieu had actually smoked marijuana during the investigation. Kelleher also claimed that he was not present at the drug buy and that he had not introduced Beaulieu to the defendant.

■ The trial judge did prohibit cross-examination of Beaulieu regarding Detective Cobbett's alleged misuse of police funds during

the investigation because he ruled that the matter was immaterial and potentially confusing to the jury. The defendant claims that this was an abuse of discretion. We disagree. Cobbett was not present at the drug sale, and testimony indicated that his duties as Beaulieu's supervisor were to provide "backup" and to perform administrative functions. The court gave the defendant the opportunity to cross-examine the witness outside the presence of the jury to establish his knowledge of the misuse of funds. The court was entitled to weigh, in its discretion, the potential unfairness and confusion which an inquiry into Cobbett's alleged misuse of funds might have engendered against whatever materiality such evidence might have. *Cf. United States v. Honneus*, 508 F.2d 566, 573 (1st Cir. 1974), *cert. denied*, 421 U.S. 948 (1975). Furthermore, other testimony provided the jury with sufficient information to evaluate Beaulieu's credibility. *See State v. McGann*, 128 N.H. at 190, 514 A.2d at 1250; *United States v. Padin*, 787 F.2d 1071, 1079 (6th Cir.), *cert. denied*, 107 S. Ct. 93 (1986). On this record, there was no abuse of discretion in excluding cross-examination of Beaulieu regarding Cobbett's activities. Similarly, the trial court was within its discretion in excluding Kelleher's testimony on this matter.

The defendant argues that *State v. Ramos*, 121 N.H. 863, 435 A.2d 1122 (1981) requires a different result. However, *Ramos* is distinguishable from the present case because the requirements of part I, article 15 of the New Hampshire Constitution were an issue in *Ramos*, but are not before us in this case. *Id.* at 866, 435 A.2d at 1124. Moreover, in *Ramos* we held that the trial court erred in disallowing cross-examination of the State's chief witness, regarding the witness's *own* knowledge of and compliance with police procedure at the time of the alleged crime. *Id.* at 867, 435 A.2d at 1124. In this case, the trial judge disallowed cross-examination of the State's chief witness regarding alleged violations of procedure by *another officer*, who did not participate in the drug buy. We find the differences significant and hold that *Ramos* is not controlling. Accordingly, the judgment of the trial court is affirmed.

*Affirmed.*

All concurred.