Julie L. MILLER,

v.

**PRINCIPAL LIFE INSURANCE COMPANY, et al.**

No. CIV.A.02–260.

United States District Court, E.D. Pennsylvania.

Feb. 27, 2002.

Thomas J. Profy, IV, Begley, Carlin & Mandio, Langhorne, PA, for Julie L. Miller.

Caroline A. Flotron, Reed Smith LLP, Philadelphia, PA, for Principal Life Ins. Co.

Matthew S. Wolf, Cohen Seglias Pallas & Greenhall, PC, Philadelphia, PA, for Norman Harris.

## MEMORANDUM

BARTLE, District Judge.

Before the court is the timely motion of plaintiff, Julie L. Miller, under 28 U.S.C. § 1447(c)[1] to remand this diversity action to the Court of Common Pleas of Bucks

---

1. . This section provides in relevant part:

 A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).

 28 U.S.C. § 1447(c).

County for failure of a co-defendant to join in the removal to this court.

Plaintiff instituted this suit in the state court on November 9, 2001. In essence, she claims that she and not defendant Norman Harris ("Harris"), her late husband's business partner, is entitled to $100,000 in life insurance payable by defendant Principal Life Insurance Company ("Principal Life") as a result of her late husband's death. On January 11, 2002, Principal Life filed an answer and new matter in the state court in which it stated it is a mere stakeholder. While it concedes that the $100,000 is owing, it cannot determine whether the money is due to Harris or to plaintiff. It is willing to pay the money into the registry of the court.

On January 16, 2002, defendant Harris timely filed the notice required under 28 U.S.C. § 1446(a) and (b) to remove this action on the ground that diversity of citizenship exists between plaintiff and the two defendants and that the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff does not contest that these prerequisites of subject matter jurisdiction have been satisfied. Instead, she urges this court to remand on the ground that Principal Life has not joined in the removal notice. Harris counters that Principal Life is merely a nominal defendant whose consent to remove is not required.

■ The Supreme Court held in *Salem Trust Co. v. Manufacturers' Finance Co.*, 264 U.S. 182, 44 S.Ct. 266, 68 L.Ed. 628 (1924), a case removed from a state court, that the citizenship of a nominal defendant was not to be considered in applying the long-standing principle that a plaintiff must have different citizenship from all defendants to sustain subject matter jurisdiction based on diversity. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806); *see also Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998). The Court explained that it was not necessary for the plaintiff and a defendant to be citizens of different states where the "only obligation [of that defendant] is to pay over the amount deposited with it when it is ascertained which of the other parties is entitled to it." *Salem Trust*, 264 U.S. at 190, 44 S.Ct. 266. Principal Life is like the stakeholder in *Salem Trust*. It is simply holding funds until it is determined to which of two other parties the funds belong. Thus, for purposes of subject matter jurisdiction, Principal Life's citizenship should be disregarded.

■ The Supreme Court in *Salem Trust* did not explicitly address the issue of whether a nominal defendant must join in a removal notice. There the nominal defendant, which apparently did not join in removal, was not diverse, while Principal Life, the nominal defendant here, has different citizenship than the plaintiff. Because *Salem Trust* holds that the citizenship of a nominal defendant is irrelevant for diversity purposes, it would seem to serve no useful purpose to require its joinder for removal to be effective. A stakeholder such as Principal Life, whether diverse or not, has no direct interest in the lawsuit or in the forum in which the lawsuit is to be adjudicated. While normally all defendants must consent to removal, that rule does not apply where the non-consenting party is a nominal defendant. *See Balazik v. County of Dauphin*, 44 F.3d 209, 213 n. 4 (3d Cir.1995); *Landman v. Borough of Bristol*, 896 F.Supp. 406, 409 n. 2 (E.D.Pa.1995); *Ogletree v. Barnes*, 851 F.Supp. 184, 187 (E.D.Pa.1994) (citations omitted).

We now turn to the question whether Harris' removal notice was fatally defective in failing to set forth that Principal Life was a nominal defendant. Section

1446(a) requires, among other things, that the notice of removal contain "a short and plain statement of the grounds for removal." [2] 28 U.S.C. § 1446(a). Although Harris identified the parties' complete diversity of citizenship and the requisite jurisdictional amount under 28 U.S.C. § 1332(a) as the basis for removal, he neglected to mention that Principal Life also had the status of a stakeholder. On February 19, 2002, after the motion for remand was served and more than thirty days after the filing of the removal notice, Harris filed an amended notice of removal. In it he identified Principal Life as a nominal defendant for the first time.

Our Court of Appeals in *Lewis v. Rego Co.*, 757 F.2d 66 (3d Cir.1985) expressed flexibility with respect to the wording of removal notices. There, a co-defendant had not been served at the time the three other defendants filed their removal petition, making the consent of that defendant irrelevant for removal purposes. *Id.* at 68; *see also* 28 U.S.C. § 1448. The removal petition had merely said that "no entry of appearance has yet been made on behalf of [the fourth defendant]," rather than that no service had been effected. *Lewis,* 757 F.2d at 68. While recognizing the difference between the two concepts, the Court of Appeals held that the statement concerning non-appearance was sufficient to include non-service and upheld the removal against a challenge that it was defective in not stating the proper grounds for removal under § 1446(a). *Id.* at 68–69. As a result, the *Lewis* court declined to decide whether an amended notice of removal after the expiration of the thirty day re-

moval period was necessary or proper to cure any defect. *Id.* at 69 n. 2.

The Supreme Court, however, had previously recognized the right to amend a removal petition to include relevant information previously omitted. *Willingham v. Morgan,* 395 U.S. 402, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969). There, an inmate at the United States Penitentiary at Leavenworth instituted a lawsuit in a state court against the penitentiary's warden and chief medical officer. The question was whether the defendants' conduct was under color of office so as to make the action removable under 28 U.S.C. § 1442. The defendants' removal petition did not contain a statement that their contacts with plaintiff were solely in performing their official duties. Only in later affidavits in support of their motion for summary judgment did this information appear. The Supreme Court acknowledged that it should have been included in the removal petition. Nonetheless, the Court found the removal to be proper. It declared that, "for purposes of this review it is proper to treat the removal petition as if it had been amended to include the relevant information contained in the later-filed affidavits." *Willingham,* 395 U.S. at 408 n. 3, 89 S.Ct. 1813 (citations omitted). In support of its reasoning, it cited 28 U.S.C. § 1653, which provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

 We need not decide whether it was necessary for Harris to state as a ground for removal under § 1446(a) that

---

**2.** . Prior to its amendment in 1988, § 1446(a) required a defendant who sought to remove a case to file a "verified petition containing a short and plain statement of the facts which entitle him or them to removal." Now the statute simply requires conformity with the less onerous standard of notice pleading found in Rule 8(a) of the Federal Rules of Civil Procedure and signed by counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice and Procedure § 3733 (3d ed. 1998).

Principal Life was not only a diverse defendant but also a nominal defendant.[3] Even if there was a defect in Harris' initial notice of removal, *Willingham* would permit the amended notice filed here to remedy any error, particularly since the amendment did not affect the court's subject matter jurisdiction but simply corrected a technical omission.[4] *See* 28 U.S.C. § 1653; *N. Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273–74 (7th Cir.1982); *Camacho v. Cove Trader, Inc.*, 612 F.Supp. 1190, 1192 (E.D.Pa.1985). Citing to *Willingham*, the Seventh Circuit in *Northern Illinois Gas* allowed a defendant to amend its removal petition to state that the other defendant was a nominal party. Significantly, by the time that Harris filed his notice of removal on January 16, 2002, Principal Life had already filed in the state court its answer and new matter in which it stated that it was merely a stakeholder. Thus, when removal occurred, the state court record clearly delineated and all parties were on notice that Principal Life was a nominal defendant, a description plaintiff does not challenge. *N. Ill. Gas*, 676 F.2d at 274. If a defendant's removal petition was deemed amended in *Willingham* to state that he was acting at all times under color of office, surely Harris may amend his removal notice to explain that his co-defendant is a stakeholder.

Accordingly, we will deny the motion of plaintiff to remand this action to the Court of Common Pleas of Bucks County.

### ORDER

AND NOW, this day of February, 2002, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of plaintiff to remand this action to the Court of Common Pleas of Bucks County is DENIED.

---

**3.** We recognize that removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3rd Cir.1990) (citations omitted). On the other hand, the Supreme Court has again recently rejected a heightened pleading requirement under Rule 8(a) of the Federal Rules of Civil Procedure. *Swierkiewicz v. Sorema N.A.*, — U.S. —, 122 S.Ct. 992, — L.Ed.2d —, 2002 WL 261807 (Feb. 26, 2002). The language of Rule 8(a) and § 1446(a) parallel each other in simply requiring, in the case of Rule 8(a), "a short and

plain statement of the grounds upon which the court's jurisdiction depends" and "a short and plain statement of the claim showing that the pleader is entitled to relief" and in the case of § 1446(a), "a short and plain statement of the grounds for removal."

**4.** The failure of all defendants to consent to removal is a waivable defect and does not in any way deprive this court of subject matter jurisdiction. *Ayers v. Watson*, 113 U.S. 594, 598–99, 5 S.Ct. 641, 28 L.Ed. 1093 (1885); *In re FMC Corp. Packaging Sys. Div.*, 208 F.3d 445, 451 (3d Cir.2000).