Amer Lung NH v. Amer Lung Asssoc.          CV-02-108-B     07/25/02

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


**American Lung Association**
**of New Hampshire**

    **v.**                                          Civil No. 02-108-B
                                                  Opinion No. 2002 DNH 142
**American Lung Association, and**
**Director of Charitable Trusts of**
**the N.H. Department of Justice**


MEMORANDUM AND ORDER

The American Lung Association of New Hampshire ("ALANH") commenced this declaratory judgment action in the Hillsborough County Probate Court against the American Lung Association ("ALA") and the State's Director of Charitable Trusts ("Director"). The ALA subsequently removed the action to this court. At issue is the Director's claim that the case must be remanded because the court lacks subject matter jurisdiction.


BACKGROUND

Several years ago, ALANH entered into agreements with ALA, obligating each organization to share 10% of its "income and receipts" with the other. The agreements exempt from the sharing

requirement both "funds restricted in writing by the donor . . . to exclude or limit sharing" and "income on investments."

ALANH received substantial donations from the Margaret L. Fuller Memorial Trust in 1999 and 2001. The agreement creating the trust identifies several charitable organizations that are to receive donations, including ALANH, but specifies that "income only [is] to be used for their general purposes." ALANH has refused to share the trust's donations with ALA. It argues that because the above-quoted provision prevents it from using the donations for anything other than to generate income for its own purposes, it is not obligated to share the donations with ALA. It has also refused to share income produced by investing the donations because it contends that its agreements with ALA do not obligate it to share investment income.

ALANH, a New Hampshire corporation, commenced the declaratory judgment action against ALA, a Maine corporation, in an effort to obtain rulings from the court endorsing its interpretations of the trust agreement and its agreements with ALA. It joined the Director as a defendant because the New Hampshire Supreme Court has determined that the Director is an indispensable party in actions that involve the enforcement or supervision of charitable trusts. See Concord Nat. Bank v.

-2-

<u>Haverhill</u>, 101 N.H. 416, 419 (1958).

ALA subsequently removed the action to this court without obtaining the consent of the Director.  In doing so, it invoked the court's diversity of citizenship jurisdiction.

## ANALYSIS

The principal question presented by this case is whether the inclusion of the Director as a party prevents the court from exercising diversity jurisdiction.  Several accepted jurisdictional rules place the question in context.  The first is that for jurisdictional purposes, a plaintiff effectively sues the state when it sues a state official in his official capacity. <u>See</u> <u>Northeast Fed. Credit Union v. Neves</u>, 837 F.2d 531, 533 (1st Cir. 1988).  The second is that ordinarily "diversity jurisdiction does not exist where a state is a party." <u>U.S.I. Properties Corp. v. M.D. Const. Co.</u>, 230 F.3d 489, 499 (1st Cir. 2000).  Relying on these two principles, the Director claims that the court lacks diversity jurisdiction because ALA sued him in his capacity as a state official.

ALA invokes a third rule which holds that "a federal court must disregard nominal or formal parties and rest jurisdiction

only upon the citizenship of real parties to the controversy."[1] Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461 (1980). It argues that the Director is not a real party to the controversy because neither he nor the state has anything to gain or lose in the case. The Director responds by arguing that he is a real party to the controversy because the New Hampshire Supreme Court has determined that he is indispensable. See Concord Nat'l Bank, 101 N.H. at 419.

The short answer to the Director's argument is that a party may be indispensable to an action filed in state court without being a real party to the controversy as that phrase is used in Navarro.[2] This is because the real party to the controversy test

_____

[1] The Court recognized in Navarro that while "[t]here is a 'rough symmetry' between the 'real party in interest' standard of [Fed. R. Civ. P.] 17(a) and the rule that diversity jurisdiction depends upon the citizenship of real parties to the controversy[,] . . . the two rules serve different purposes and need not produce identical outcomes in all cases." Id. at 462 n.9. Accordingly, in determining that neither the Director nor the State of New Hampshire is a real party to the controversy for jurisdictional purposes, I express no view as to whether either is a real party in interest under Rule 17(a).

[2] The New Hampshire Supreme Court's determination that the Director is indispensable in any state court case that concerns the enforcement or supervision of a charitable trust does not necessarily make the Director an indispensable party in a federal court action addressing the same issues. Whether a party is indispensable in federal court ultimately is a question of federal law governed by Fed. R. Civ. P. 19. See Provident Tradesmens Bank and Trust Co. v. Patterson, 390 U.S. 102, 125

is controlled by federal law. If it were otherwise, a state court could prevent the federal courts from exercising jurisdiction over a whole class of state law claims between otherwise diverse parties merely by requiring that the state also be named as a party. In this case, the Director has no personal stake in the outcome. Nor does the state have an interest in the action apart from its general interest in protecting its citizens from the misuse of assets donated by a charitable trust. See Concord Nat'l Bank, 101 N.H. at 419 (noting that "the Attorney General or his representative represents the public in the enforcement and supervision of charitable trusts"). Naming a state official as a party will not deprive the court of diversity jurisdiction when the state's only interest in the action is to protect its citizens because, as the United States Supreme Court observed in Missouri, Kansas & Texas Ry. Co. v. Hickman:

> [i]t is true that the state has a
> governmental interest in the welfare of all
> its citizens, in compelling obedience to the
> legal orders of all its officials, and in
> securing compliance with all its laws. But
> such general governmental interest is not
> that which makes the state, as an organized
> political community, a party in interest in
> the litigation, for if that were so the state

---

(1968). I express no view as to whether a party could be considered indispensable under Rule 19 without also being a real party to the controversy for purposes of diversity jurisdiction.

-5-

would be a party in interest in all litigation; because the purpose of all litigation is to preserve and enforce rights and secure compliance with the law of the state, either statute or common. The interest must be one in the state as an artificial person.

183 U.S. 53, 60 (1901); see also Ramada Inns, Inc. v. Rosemount Memorial Park Ass'n, 598 F.2d 1303, 1306 (3d Cir. 1979). Accordingly, the Director's presence does not prevent the court from exercising jurisdiction because neither the Director nor the state is a real party to the controversy.[3]

Anticipating the possibility that its challenge to the court's diversity jurisdiction could fail, the Director also claims that the case must be remanded based on the Princess Lida doctrine. This doctrine holds that a federal court may not exercise in rem or quasi in rem jurisdiction over property if another court has already assumed jurisdiction over the same property. See Princess Lida of Thurn & Taxis v. Thompson, 305 U.S. 456, 466 (1939). Because this action seeks a declaration concerning the meaning of a trust agreement, the Director argues,

---

[3] For the same reason, ALA was not required to obtain the Director's consent before it removed the action to federal court. See Balazik v. Dauphin, 44 F.3d 209, 213 n.4 (3rd Cir. 1995) (consent to removal is not required for formal or nominal party)(dictum); Miller v. Principal Life Ins. Co., 189 F. Supp.2d 254, 256 (E.D. Pa. 2002).

it is a <u>quasi</u> <u>in</u> <u>rem</u> proceeding subject to remand pursuant to <u>Princess Lida</u>.

I reject the Director's argument for two independent reasons. First, as the court's opinion in <u>Princess Lida</u> acknowledges, the doctrine applies only if a federal court must control the property in question to effect its jurisdiction. <u>See</u> <u>id.</u> In this case, the court has <u>in</u> <u>personam</u> jurisdiction over the parties and the trust proceeds have already been distributed to ALANH. Thus, the doctrine is inapplicable because this court need not control the trust or its assets to effect its jurisdiction or to grant ALANH the relief it seeks.

Perhaps more fundamentally, the <u>Princess Lida</u> doctrine simply does not apply in a case like this where only a single case is pending and the removal statutes are used to transfer the case from state to federal court. The <u>Princess Lida</u> doctrine is a form of abstention that serves not to vindicate the principle of federalism, but to avoid conflicts that can arise if federal and state courts simultaneously attempt to exercise jurisdiction over the same property. <u>See</u> <u>Carvel v. Thomas and Agnes Carvel Found.</u>, 188 F.3d 83, 85-86 (2d Cir. 1999) (treating <u>Princess Lida</u> doctrine as a form of abstention). The conflict avoidance rationale that underlies the doctrine does not require abstention

when only a single action is pending and that action is removed from state to federal court because the act of removal terminates the state court's jurisdiction and leaves the federal court as the sole court with control over the case. Accordingly, as there is no pending state court case involving the trust to conflict with this court's assertion of jurisdiction, the Princess Lida doctrine is inapplicable.

## CONCLUSION

The Director's Motion to Remand (document no. 13) is denied. Because the Director supports ALANH's position in this action, he shall be realigned as a party plaintiff. See City of Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 69 (1941) (court must realign parties according to their interests).

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

July 25, 2002

cc: Nancy J. Smith, AAG
    James Q. Shirley, Esq.
    Richard B. Couser, Esq.