**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-2864

MICHAEL B. MCGANN,

Plaintiff, Appellant,

v.

THOMAS R. EATON, SENATE PRESIDENT,
NEW HAMPSHIRE SENATE, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Paul J. Barbadoro,  U.S. District Judge]

Before

Torruella, Selya and Lynch,
Circuit Judges.

Michael B. McGann on brief pro se.
Daniel J. Mullen, Associate Attorney General, and Kelly A.
Ayotte, Attorney General, on brief for appellees.

August 21, 2006

**Per Curiam**.      Pro se appellant Michael B. McGann appeals from the district court's order dismissing his 42 U.S.C. § 1983 complaint for failure to meet the jurisdictional requirements of Heck v. Humphrey, 512 U.S. 477 (1994).  We must affirm if, viewing all well-pleaded facts in the complaint as true and drawing all reasonable inferences in appellant's favor, "it is transparently clear that the complaint, in light of the facts alleged, engenders no viable theory of liability."  Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 5-6 (1st Cir. 2005) (citing Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 66 (1st Cir. 2004), and Blackstone Realty LLC v. F.D.I.C., 244 F.3d 193, 197 (1st Cir. 2001)).

Appellant alleges a wide-ranging conspiracy, involving named appellees and others, to cover up decades of allegedly illegal lawmaking in the State of New Hampshire, which rendered appellant's indictment, trial, sentencing, and incarceration unconstitutional and entitles him to damages under 42 U.S.C. § 1983.  In Heck v. Humphrey, the United States Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harms caused by actions whose lawfulness would render a conviction or sentence invalid," the plaintiff must first prove that his conviction or sentence has been "reversed, expunged, invalidated, or impugned by grant of a writ of habeas corpus."  512 U.S. at 486-87, 489; see also Figueroa

-2-

v. <u>Rivera</u>, 147 F.3d 77, 80-81 (1st Cir. 1998) ("the impugning of an allegedly unconstitutional conviction in a separate, antecedent proceeding is a prerequisite to a resultant section 1983 action for damages") (emphasis removed).

The record shows that appellant's direct appeal failed, <u>State of New Hampshire</u> v. <u>McGann</u>, 514 A.2d 1247 (N.H. 1986), as did his habeas petition, <u>McGann</u> v. <u>Cunningham</u>, No. 97-E-295 (Merrimack, N.H. Superior Ct., Feb. 2, 1998), <u>aff'd</u>, <u>Petition of Michael B. McGann</u>, No. 98-332 (N.H. Supreme Ct., Feb. 23, 1999). Having failed to show that his conviction or sentence was set aside in a separate, antecedent proceeding, appellant's current action "necessarily impl[ies] the invalidity of his conviction or sentence." <u>Heck</u>, 512 U.S. at 487. The <u>Heck</u> decision therefore required that the district court "deny the existence of [this] cause of action" and dismiss the complaint. <u>Id</u>. at 489.

The district court's order is <u>affirmed</u>.